## UNION CENTRAL LIFE INS. CO. v. BURGER et al.

District Court, S. D. New York.
April 4, 1939.

House, Grossman, Vorhaus & Hemley, of New York City (David Vorhaus, of New York City, of counsel), for plaintiff.

Joseph Burger, of New York City, for defendants.

LEIBELL, District Judge.

Plaintiff brought this action to rescind and cancel an insurance policy issued by it on the life of one Dewey D. Burger, now deceased, on the ground that the statements and warranties made by the insured in his application for the policy were false. The defendants are the beneficiaries named in the policy.

On or about March 8th, 1939, after issue had been joined in this action, plaintiff served notice under Rule 30(a), 28 U.S.C.A. following section 723c, upon Phoebe Burger and Mildred Burger that their oral testimony would be taken pursuant to the deposition and discovery procedure under Rule 26 et seq. of the Federal Rules of Civil Procedure. The notices are identical in every respect. The defendants then made this motion under Rule 30(b) to vacate and modify the said notices as to items Nos. 2, 5 and 6 thereof. These items of the notice provide that testimony is to be taken in regard to:

"(2) The physical condition, habits and activities of Dewey D. Burger subsequent to September 30th, 1936, in so far as they have any bearing upon or are evidence of his physical condition on September 30th, 1936;"

"(5) The circumstances, facts and particulars of Dewey D. Burger's last illness in so far as they have any bearing upon, or are evidence of his physical condition on September 30th, 1936;

"(6) The events, incidents and occurrences on the date of Dewey D. Burger's death, including conversations had by the deceased or by the defendants and conversations in the presence of the deceased and the defendants;"

Under Rule 26(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the scope of an examination is very broad and the deponent may be examined on any matter, not privileged, which is relevant to the subject matter involved in the action. But any party or the person to be examined may challenge the right to the examination or seek to limit its scope under Rule 30(b). The defendants contend that the three aforementioned items are not proper subjects of examination because the information sought to be elicited by these items would not be admissible as evidence at the trial of this action.

Ordinarily examinations under Rule 26(b) should conform to general rules of admissibility of evidence as tested by Rule 43(a). However, in view of the liberality and freedom of action which were intended to be achieved under the new Rules (See, Laverett v. Continental Briar Pipe Co. Inc., D.C., 25 F.Supp. 80), I do not think that the Court should limit an examination on a motion of this type unless the information sought upon the examination is clearly privileged or irrelevant.

When a motion, such as this one, is made pursuant to Rule 30(b) before the examination, it may at times be difficult for the Court to pass upon the admissibility of evidence solely upon the pleadings and the affidavits submitted. In such a case the better procedure would be for the objecting party to raise the question of admissibility at the examination and by a motion under Rule 30(d) or when the deposition is used at the time of the trial pursuant to Rule 26(e).

Now, with respect to the items to which objection is made on the present motion; I think Nos. 2 and 5 are relevant to the subject matter of the action. I cannot now decide the question of the admissibility of the evidence that may be developed through an examination under these items. The limits of time over which such evidence may range must depend on the circumstances of the case and should be left to the discretion of the trial judge. See, Wigmore on Evidence, 2d Ed., § 225. I find no valid objection to these items at this time.

However, the relevancy and admissibility of all the information sought by item No. 6 are not apparent. Any matters that might at the trial be relevant under this item seem to be included under the other items of the notice.

Objection is made to the examination of Phoebe Burger on the ground that she is an infant, sixteen years of age. I do not think that this fact, in and of itself, is sufficient to vacate the notice of examination served upon her. However, if she is busy at school or otherwise engaged, I will direct that her deposition be taken at some convenient time and place.

Submit an order in accordance with this memorandum on two days' notice. Unless the parties agree upon a date, I will fix the date for the examinations when the order is submitted.