**LYNCH et al. v. HENRY POLLAK, Inc.**

District Court, S. D. New York.
May 19, 1939.

Joseph Dannenberg, of New York City, for complainant.

Ernst, Gale, Bernays & Falk, of New York City, for respondent.

CLANCY, District Judge.

This is an action by the trustee in bankruptcy to recover a preferential payment

alleged to have been made to respondent by the bankrupts. Respondent served notice for the examination of a number of persons comprising the creditors' committee and one of the attorneys for an interested insurance company. Examination of one witness disclosed the character of the testimony sought to be elicited from the others. The attorney for the complainant thereupon moved to vacate all the notices of examination. Respondent alleges that the testimony of one of the bankrupt partners has, in different examinations, been contradictory and he wishes to examine those present at the committee meeting in order to show the motive for this change of testimony. He thus describes the purpose of his proposed examination: "to impeach the credibility of the proposed witness Charles Golden, one of the bankrupts, who the complainant's attorney says is the only witness who will be brought from California and presumably will be the complainant's sole witness and whose 21-A testimony underwent a complete change upon the most material fact in the case between one examination and another. Such impeachment is to be accomplished, among other ways, by proving, by these third persons, that Charles Golden changed his testimony in order to help the creditors in the claim against the respondent in return for the creditors refraining from pressing a criminal accusation against Charles Golden, omitting to try to block his discharge in bankruptcy, and doing business with his new concern;"

Under Rule 26(b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, an examination is allowed concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party." Complainant's attorney now moves to vacate the notices of examination. He may do so under the language of Rule 30(b).

It appears that the intended examination is on matter collateral to the issues involved in the action. It is sought solely for the purpose of obtaining information to be used in cross-examining and impeaching, collaterally, a witness who may testify for the complainant at the trial. While examinations under the new rules may be had for the purpose of obtaining information upon which to cross-examine a party or witness (Bough v. Lee, D.C.S.D.

N.Y., 28 F.Supp. 673, March 28, 1939) such examination must be had on matter relevant to the subject matter involved in the pending action. We do not think that this examination on collateral matters comes within the scope of the rules.

Respondent also seeks the examination of one Gable, a salesman of a corporation which, it is alleged, also received payments from the bankrupt contemporaneously with the receipt of the alleged preferential payments by the respondent. They wish to show by his examination that he was as familiar with the bankrupt's financial condition as was the respondent and that he had no reason to question the bankrupt's solvency at that time. Such matter is clearly irrelevant.

Motion granted.