## SCHWEINERT v. INSURANCE CO. OF NORTH AMERICA.

District Court, S. D. New York.
March 30, 1940.

James D. C. Murray, of New York City, for plaintiff.

Powers, Kaplan & Berger, of New York City (Samuel A. Berger and Irwin Leibowitz, both of New York City, of counsel), for defendant.

HULBERT, District Judge.

This action is brought to recover upon two "floater" insurance policies. Plaintiff claims the loss, at the Apollo Theatre in Atlantic City, New Jersey, of certain jewelry covered by said policies. In addition to a general denial, the defendant pleads two separate defenses: (1) that prior to the issuance of the policies in suit plaintiff represented that she had not sustained any previous loss whatsoever and fraudulently concealed that she had sustained numerous previous losses and had been paid by reason thereof; (2) that subsequent to the date of the alleged loss claimed to have been sustained by her, she falsely, and fraudulently misrepresented to the defendant that she had sustained a loss of jewelry in the amount alleged in the complaint, with intent to secure a sum of money not justly due her.

After issue joined, plaintiff served notice pursuant to Rule 26, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, of the taking of the testimony of the defendant by William Verrinder, one of its employees, described as "a cargo surveyor and investigator" and during the pendency of his examination the defendant has applied under Rule 30(b) and (d) for an order that his examination be limited; that objections made upon such examination be sustained and that he be not required to produce any of the documents referred to in his examination.

After all that has been written in the interpretation of the new Rules, it is surprising there should be so much confusion in their operation. Clearly Rule 26, F.R. C.P., contemplates that any person, or party, may be examined "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence * * * of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." The production of such books, etc., is provided for under Rule 34.

An examination under Rule 26 is "for the purpose of discovery or for use as evidence in the action or for both purposes" and ordinarily should conform to the general rules of admissibility as tested by Rule 43(a). Union Central Life Insurance Co. v. Burger, D.C., 27 F.Supp. 556.

The examination has its limitations. Rule 30(b) and (d). Kenealy v. Texas Company, D.C., 29 F.Supp. 502; Rose Silk Mills, Inc., v. Insurance Company of North America, D.C., 29 F.Supp. 504; Lynch v. Henry Pollak, Inc., D.C., 1 F.R.D. 120. These cases were all decided in the Southern District. See also Price v. Levitt, D. C., 29 F.Supp. 164, and McCarthy v. Palmer et al., D.C., 29 F.Supp. 585, decided in the Eastern District.

The examination must not be allowed to develop into a "fishing excursion". See Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842.

I have carefully read the examination so far as conducted. It appears to me that plaintiff is seeking to discover the steps being taken by the defendant in preparation for trial and not relevant matters. Furthermore, that she hopes to make available to herself the fruits of an investiga-

tion undertaken by the defendant at its expense.

The objections to the questions unanswered have been separately ruled upon and these rulings should be a guide for the continuance of the examination to completion.

The plaintiff will be left to her remedy under Rule 34 for the production of documents. Motion granted to the extent indicated. Settle order on notice.