### WHITE v. SKELLY OIL CO. et al.
#### No. 5450.

United States District Court
W. D. Missouri, W. D.
Dec. 28, 1950.

John W. Hudson, Kansas City, for plain.-tiff.

Caldwell, Downing, Noble & Garrity and C. A. Randolph all of Kansas City, Mo., for defendant Skelly Oil Co.

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendant Crane Co.

REEVES, District Judge.

By his motion the plaintiff seeks the production for inspection and copying of the following: "Turn-in records of Robert E. Bailey for month of July, 1948; All cylinder cards, invoice and sales report of Customer Robert E. L. White II of Bethel, Kansas, for month of July 1948; All records showing daily and hourly itinerary of Robert E. Bailey for month of July, 1948." An intelligent decision requires a brief statement of the issues:

The plaintiff sues the defendants for damages occasioned by an explosion and damage in a residential property owned by the plaintiff. The defendant Oil Company supplied gas and the defendant Crane Company supplied fixtures. It is alleged both were negligent and that by reason of the explosion and consequent damages the plaintiff suffered a loss in the sum of $6,-500. The issue, therefore, is whether the Oil Company was negligent in supplying gas, and whether the Crane Company was negligent in respect to fixtures supplied by it. The documents sought do not relate in any way whatever to the issues in the case. No reason appears why the "turn-in records of Robert E. Bailey for month of July, 1948" should be produced. Undoubtedly Robert E. Bailey is available to give his deposition, and this would inform the plaintiff as to his whereabouts, if in any way that should become pertinent and relevant. The same thing is true in respect of records relating to his itinerary in the month of July, 1948. Furthermore, the cylinder cards, invoice and sales report of Customer Robert E. L. White II, of Bethel, Kansas, for the month of July, 1948 would be wholly immaterial.

The rule invoked, namely, Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A. is very specific to the effect that only such documents and papers should be produced as "constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) * * *."

Adverting to Rule 26(b), a deponent in a deposition "may be examined regarding any matter * * *, which is relevant to the subject matter involved in the pending action".

These are not relevant to the subject matter of the pending action and could only serve the purpose of furnishing plaintiff with data for aid to counsel in the examination of witnesses. Under such circumstances the motion should be denied and it will be so ordered.