Irving L. WHARTON, as Trustee in Proceedings for the Reorganization of Continental Vending Machine Corp., and Continental Apco Inc., Plaintiff,

v.

LYBRAND, ROSS BROS. & MONTGOMERY, Meadow Brook National Bank and Harold Roth, Defendants.

Irving L. WHARTON, as Trustee in Proceedings for the Reorganization of Continental Vending Machine Corp., and Continental Apco Inc., Plaintiff,

v.

Harold ROTH et al., Defendants.

Nos. 65-C-664, 64-C-946.

United States District Court
E. D. New York.

April 27, 1966.

Christy Bauman, Frey & Christy, New York City, for Irving L. Wharton, Joseph J. Marcheso, New York City, of counsel.

Hughes, Hubbard, Blair & Reed, New York City, for Lybrand, Ross Bros. & Montgomery, Powell Pierpoint, New York City, of counsel.

Field, Florea, O'Rourke & Schaeffer, New York City, for Arthur N. Field, Irving Brown, New York City, of counsel.

MISHLER, District Judge.

This is a motion by defendant, Lybrand, Ross Bros. & Montgomery (Lybrand) for an order directing co-defendants Arthur N. Field and Field, Florea & Field (Field) to produce documents for inspection and copying under Rule 34.

The multi-count complaints (consolidated by order of this Court) charge individual defendants who were officers and/or directors of Continental Vending Machine Corp. and Continental Apco Inc., debtors in a reorganization proceeding under Chapter X of the Bankruptcy Act, with various schemes to divert money and assets of the debtors, and to misrepresent the liabilities and assets of the corporation for their own purpose and gain and to the detriment of the debtors.

Because the claims involved many complex financial transactions in which it is charged there was a manipulation of assets and liabilities of the debtors and their subsidiaries, over a long period of time, and in various parts of the country, the Court granted priority of discovery to the Trustee, who entered upon his tasks without any information except what he found in the books and records of the debtors (which were of doubtful reliability).

Lybrand, the auditors of the debtor prior to the filing of the Chapter X petition, are charged with knowledge of the various schemes, and with membership in a conspiracy to divest the debtors of their assets, for the benefit of defendant Harold Roth, debtors' chief executive officer. In particular, Lybrand is charged with carelessly, negligently and knowingly preparing, filing and distributing false financial statements. Arthur N. Field was a director of the debtors, of Valley Commercial Corp. (claimed by the Trustee to be a conduit for Roth's peculations) and of defendant U. S. Hoffman Machinery Corporation. The law firm of Field, Florea and Field represented these corporations.

For the past eight or nine months, the Trustee has conducted extensive examinations of defendants, including Lybrand. The Trustee conducted the examination of defendant Arthur N. Field on February 8, 1966; some seventeen documents were marked for identification and exhibited to the interested parties during the examination. Defendant Field was then offered to Lybrand for cross-examination. Lybrand's counsel, at a conference with interested parties and the Court, proposed to serve a subpoena under Rule 45(b), requiring production of the documents listed in Schedule A of the motion. Lybrand was required to show good cause under either rule, Moore's Federal Practice Vol. 4

(Second Edition) p. 2426, and proceeded by motion under Rule 34.

The Trustee takes no position, except on oral argument, he requested the Court to reject any direction which would unduly interfere with the orderly progress of the discovery he is conducting by deposition.

The motion is opposed by Field on three grounds:

1. No showing of good cause,

2. Documents to be produced are not properly designated,

3. There is no showing that the documents are in existence or in the possession or control of Field.

■ The moving party has the burden of establishing the right to the production of documents under Rule 34. Rockaway Pix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc., 1964, D.C., 36 F.R.D. 15.

Lybrand attempts to show good cause in the form of conclusory statements that it " * * * seeks to examine the Field documents so as to be prepared to conduct a meaningful examination * * * and should this motion be denied counsel would be in a poor position to conduct a meaningful cross-examination." Carpenter-Trant Drill. Co. v. Magnolia Petroleum Corp., 1959, D.C., 23 F.R.D. 257, 263. The crux of the argument lies in the following sentence on p. 13 of the affidavit in support of the motion:

" * * * Certainly Lybrand is now entitled in its cross-examination of Field to develop any evidence which tends to impeach Field's credibility with respect to this attempt to place the blame upon Lybrand."

■ A showing that examination of documents will aid counsel in the examination or cross-examination of a prospective witness or will impeach the credibility of a witness, does not fulfill the "good cause" requirement of Rule 34. Hauger v. Chicago, Rock Island & Pacific Railroad Co., 1954, 7th Cir., 216 F.

2d 501, E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co., 1959, 24 F.R.D. 416, 421; White v. Skelly Oil Co., 1950, D.C., 11 F.R.D. 80, 81; Barwick v. Powell, 1941, D.C., 1 F.R.D. 604. Discovery is limited to relevancy "to the subject matter involved in the pending action" [Rule 26(b)]. The issue of credibility may be of vital importance and ultimately determine the law suit, but the issue is not necessarily relevant to the subject matter. Though evidence bearing on the issue of credibility may be elicited in discovery proceedings, it must also be relevant to the subject matter of the suit. The District Court of the Eastern District of Pennsylvania appears to have adopted a rule that statements of a party or a witness cannot be secured for purposes of cross examination or impeaching credibility. Burns v. Mulder, 1957, D. C., 20 F.R.D. 605, 606 (E.D.Pa.). This Court knows of no similar rule in effect in any district court in this circuit. But see Moore's Federal Practice (Second Edition) Vol. 4, p. 2460–2461; it states that documents to be used on cross-examination to test the credibility of a witness are producible. See comment by the writer on E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co., supra (note 13 to p. 2461 in supplement). In the case at bar there is an insufficient showing even under a "liberal" view expressed in Moore's. There is no showing, that the documents sought, are inconsistent with either the answer of Field or his testimony. The argument advanced in effect is that the existence of the documents would show knowledge of facts which Field denies. Further, the documents might contain inconsistent statements. An examination of documents, on so tenuous a ground, is unwarranted. E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co., supra, 24 F.R.D. at p. 422.

■ The motion must be denied. Since the Court intends to afford Lybrand another opportunity to apply for the relief here requested, it is prudent

here to note that the other two requirements upon which the application is opposed have not been met, i.e., designation of the documents and a showing of the existence of the documents and that they are under Field's possession, custody or control.

■ The rule requires that the documents be designated. Some identification of documents is essential. A request for all written communication "which involve in any way, or have anything to do with (a) the financial operation of Valley Commercial Corp., (b) financial transactions between Continental Vending Machine Corp. and Valley Commercial Corp., (c) financial transactions * * *" etc. is too broad, Moore's Federal Practice (Second Edition) Vol. 4, p. 2443; Portsmouth Baseball Corp. v. Frick, 1956, D.C., 19 F.R.D. 195; United States v. Schine Chain Theatres, Inc., 1942, D.C., 2 F.R.D. 425. Standards of specificity vary from case to case. This is attributable to varying fact situations, rather than wide difference in court interpretation of the statutory language. The documents must be described with a degree of accuracy, that the person charged with production can reasonably be expected to identify them. The explanation in the affidavit that lack of information, which in turn is ascribed to the limitations of discovery imposed by the Court, is not a substitute for the requirement of designation of documents. The testimony of Field may supply the missing information.

■ The affidavit in support of the application also fails to show the existence of the documents requested. The moving party is charged with showing that the instruments sought to be produced under Rule 34 are in the "possession, custody, or control" of the party charged with compliance of the order. Ergo, it must be shown that there are such documents.

■ Another ground for denial of the application is the disorder that an extensive examination of records would bring about. On a renewed application, Lybrand will be required to show that such examination will not violate order of priority granted the Trustee. Konczakowski v. Paramount Pictures, 1956, D.C., 19 F.R.D. 361; Colonial Airlines v. Janas, 1952, D.C., 13 F.R.D. 199.

The motion is in all respects denied with leave to renew upon proper papers. Lybrand is directed to commence cross examination at a time to be fixed in the order to be entered hereon. Lybrand will not be prejudiced since it may call Field as its witness and fix the time of that examination after it has examined the documents, it claims are essential to its cross-examination.