Reverend John F. COYNE, Plaintiff,

v.

Max HOUSS, Defendant.

No. 81 Civ. 2198.

United States District Court,
E.D. New York.

April 1, 1984.

William D. O'Reilly and William M. Brodsky, New York City, for plaintiff.

Herbert Monte Levy, New York City, for defendant.

MEMORANDUM AND ORDER

GLASSER, District Judge:

In an action for assault and battery which is in this Court because of diversity of citizenship, the defendant has moved for an order (1) permitting the deposition of various clergymen to be taken by the defendant by telephone, pursuant to Rule 30(b)(7) of the Federal Rules of Civil Procedure; (2) appointing the defendant's attorney, Herbert Monte Levy, Esq., to administer oaths in connection with said depositions pursuant to Rule 28(a) of the Federal Rules of Civil Procedure; and (3) pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, that the testimony at said depositions be recorded on a dictaphone, that it be preserved by Mr. Levy with a copy thereof furnished to plaintiff's attorney at the defendant's expense.

In addition, the defendant has moved for an order holding plaintiff in contempt of court for his failure to comply with an order dated April 18, 1983 and for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure striking the complaint, dismissing the plaintiff's action and preserving the defendant's counterclaim against the plaintiff for assault, battery, trespass and other assorted wrongs.

The plaintiff is a member of Contemporary Mission, Inc., a not-for-profit organization of Catholic priests based in Westport, Connecticut. Contemporary Mission, Inc. has been a party to a number of lawsuits in the federal courts of this circuit.[1] This action arises out of the aftermath of one of those lawsuits, *Contemporary Mission, Inc. v. Bonded Mailings*, 671 F.2d 81 (2d Cir.1982). More specific background concerning Contemporary Mission, Inc. and of the controversies in which it and its members have been embroiled can be gleaned from reading *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97 (2d Cir.1981) and *O'Reilly v. New York Times Company*, 692 F.2d 863 (2d Cir.1982).

1. *Robert Stigwood Group Ltd. v. O'Reilly*, 530 F.2d 1096 (2d Cir.), *cert. denied*, 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976); *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918 (2d Cir.1977); *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97 (2d Cir.1981); *O'Reilly v. The New York Times Company*, 692 F.2d 863 (2d Cir.1982).

A reading of those cases will reveal that questions have been raised about the bona fides of Contemporary Mission, Inc. as a not-for-profit corporation engaged in religious and charitable pursuits and of the manner in which its member-priests obtained their ordinations. It is against that skeletal background that these motions become more meaningful.

The defendant served upon the plaintiff a request that the following documents be produced:

A. Those submitted by or on behalf of the plaintiff as authentication for the canonical examinations required of candidates for the priesthood, or in connection therewith.

B. Those used in obtaining the ordination of the plaintiff or in connection therewith.

C. Any and all correspondence between plaintiff and the Archdiocese of St. Louis, or any of its representatives.

D. All transcripts attesting to the plaintiff's academic preparation, whether used in connection with or obtaining ordination, or as authentication for the canonical examinations required of candidates for the priesthood.

E. Copies of all applications made by the plaintiff for admission to law school.

F. Copies of all applications made by the plaintiff for admission to medical school.

G. Copies of all applications made by the plaintiff for admission to any post-graduate university faculty.

H. All correspondence by and between plaintiff, or anyone acting on his behalf, and Bishop Sarpong.

The plaintiff formally objected to the production of documents under categories A, B, C, D and H. His objections are based upon his assertion that plaintiff's status as a Catholic priest "has no bearing upon the determination of whether and how the assaults occurred." He also contends that discovery of information pertaining to his status as a priest is precluded as a matter of law by *Contemporary Mission, Inc. v. Bonded Mailings, Inc., supra,* at p. 84, which I will address hereafter. The plaintiff further replied to the documents request by stating that he never applied to law school or to a post-graduate university facility and therefore there are no documents as requested in categories E and G. He acknowledged that he applied to medical school and would comply with that request when the relevant document was located.

Pursuant to Rule 36 of the Fed.R.Civ.P., the defendant served upon the plaintiff a request to admit the truth of certain matters and the genuineness of described documents which together totalled 41 items. In sum, the admissions sought related to a variety of matters relevant to the plaintiff's status as a Catholic priest. Pursuant to Rule 36(a) of the Fed.R.Civ.P., the plaintiff objected to all the requests for admission for the same reasons which formed the basis for his objection to the document requests as was indicated above.

*Discussion*

The information sought by the defendant from the documents and admissions he requested is obviously intended for use in impeaching the credibility of the plaintiff. The narrow question to be answered is whether discovery for that purpose is permissible. The scope of discovery is described in Rule 26(b)(1) of the Fed.R.Civ.P. In substance, discovery may be obtained as to any non-privileged matter which is relevant to the subject matter of the pending action and "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." A literal reading of the Rule and of some cases which have applied it soon make manifest a tension inherent in its language, construction and the objectives sought to be achieved by its enactment.

The language of the Rule to which I refer is that the parties "may obtain discovery regarding any matter, not privileged, *which is relevant to the subject*

*matter involved* in the pending actions ...." Rule 26(b)(1) Fed.R.Civ.P. If the subject matter of the pending action is basically a claim and cross-claim for assault and battery, is the information sought to be obtained by discovery, namely, the representations of the plaintiff incident to his ordination and other related matters relevant to that subject matter? The answer to that question would clearly be in the negative.

Cases which have thus read the Rule literally and prohibited discovery of matter not relevant to the subject of the pending litigation are, for example, *Lynch v. Pollak, Inc.,* 1 F.R.D. 120 (S.D.N.Y.1939) and *Wharton v. Lybrand, Ross Bros. and Montgomery,* 41 F.R.D. 177 (E.D.N.Y. 1966).

In *Lynch v. Pollak, Inc., supra,* a nonparty witness was sought to be examined at a deposition regarding a complete change in his testimony from one occasion to another. The purpose of the examination was solely for the purpose of obtaining information to be used in cross-examining and impeaching him should he be called to testify for complainant at trial. In sustaining an objection to the deposition inquiry, the court said, at p. 121: "While examinations under the new rules may be had for the purpose of obtaining information upon which to cross examine a party or witness, such examination must be had on matter relevant to the subject matter involved in the pending action. We do not think that this examination on collateral matters comes within the scope of the rules."

In *Wharton v. Lybrand, Ross Bros. & Montgomery, supra,* after noting that the moving party has the burden of showing the right to the production of documents under Rule 34, the court went on to state, at p. 179, that: "A showing that examination of documents will aid counsel in the examination or cross-examination of a prospective witness or will impeach the credibility of a witness, does not fulfill the 'good cause' requirements of Rule 34 .... The issue of credibility may be of vital importance and ultimately determine the lawsuit, but the issue is not necessarily relevant to the subject matter. Though evidence bearing upon the issue of credibility may be elicited in discovery proceedings, it must also be relevant to the subject matter of the suit."

In contrast to the foregoing are the observations of the commentators and of other courts. In 4 Moore's Federal Practice, ¶ 26.56[1] (2d ed. 1983), the following view is expressed: "There are many examples of information that do not deal with the merits of the claim that nevertheless have been held to be discoverable.... Matters that affect the credibility of the deponent, or might be used in impeaching or cross-examining a witness at the trial may be inquired into."

A similar view is expressed in 8 Wright & Miller, Federal Practice and Procedure: Civil § 2015 (1970): "Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition. Inquiry is routinely allowed about criminal convictions of a party or witness and similar matters that go to his credibility." After quoting the passage from *Wharton v. Lybrand, Ross Bros. & Montgomery, supra,* which is set out above, the authors state: "It is difficult to believe that there is any such limitation. Information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action." *See also, Independent Productions Corp. v. Loew's, Inc.,* 22 F.R.D. 266 (S.D.N.Y.1958); *Broadway & 96th St. Realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y. 1958); *Kaiser-Frazer Corp. v. Otis & Co.,* 11 F.R.D. 50, 53 (S.D.N.Y.1951); Advisory Committee Notes to the Rules of Civil Procedure for the United States District Courts reported in 12 Wright & Miller (1973) 429–433.

The plaintiff vigorously asserts that inquiry into the areas to which he has raised objection is precluded as a matter of law by this text from *Contemporary Mission, Inc. v. Bonded Mailings,* 671 F.2d 81 (2d Cir.1982) at p. 84:

**1108**

Similarly, Bonded's claim that the trial court erred in excluding extensive cross-examination of a CMI Vice President, Reverend John T. O'Reilly, on the genuineness of his and other members' affiliation with the Roman Catholic Church is without merit. We cannot say that the trial court erred in denying extensive questioning on this collateral, potentially confusing and prejudicial issue which would perforce have raised a 'religious problem' as observed by Judge Costantino. The trial court's ruling—which kept complicated issues of religious affiliation out of a relatively simple contract damages case—was proper. Clearly a contract dispute is not an appropriate setting for raising issues of uncertain constitutional dimension, particularly where the court must reach out to meet gossamer issues.

I do not agree that the quoted text precludes, as a matter of law, the inquiry the defendant makes. Although not stated explicitly, the observation of the Circuit Court may be read as not disapproving the trial judge's exercise of discretion in excluding

the testimony sought to be elicited under Rule 403 of the Fed.R.Ev. The Court does not hold that had such testimony been received it would have been improper. Clearly, the credibility of a witness is in issue and evidence affecting credibility would be relevant, but, although relevant, might nevertheless be excluded under Rule 403.[2]

It must also be noted that the evidentiary ruling of the district court in *Bonded Mailing* was made at trial. In a discovery proceeding, "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1) Fed.R.Civ.P. That the information sought concerning the credibility of the plaintiff would be admissible at trial subject to the appropriate balancing of Rule 403 factors by the trial judge can hardly be gainsaid. "It is well settled that the trial judge is accorded great discretion in his assessment of the matters which should properly be raised on cross-examination as bearing upon the

**2.** Judge Oakes, dissenting in *Contemporary Mission v. Bonded Mailings, supra,* wrote at p. 87: "... I would also note that the credibility of CMI and its witnesses, irrespective of the wearing of clerical collars, is in issue if evidence to that point is properly introduced, *see Faulkner Radio, Inc. v. F.C.C.,* 557 F.2d 866, 870–873 (D.C. Cir.1977) (trier of fact may not be permitted automatically to credit or repudiate testimony of a witness simply because he is one of a group pursuing a particular vocation)."

In *Faulkner,* an administrative law judge accorded superior weight to the veracity of a lawyer-witness solely because he was a lawyer. In that regard, the Court of Appeals decided: "If the trier of fact automatically credits or repudiates testimony of a witness simply because he is one of a group pursuing a particular vocation, the normal burden of proof is in some wise altered, and arbitrarily so. When one party's witness is preferred for that reason alone, the opposing party is summoned to produce additional evidence sufficient to overcome the presumptive weight bestowed upon that witness. And since membership in a general class may or may not reflect on an individual member's veracity, there is necessarily an impingement upon the full and fair hearing that Congress has mandated ...." *Id.* at 870 (footnotes omitted).

The witness' occupation may in given situations be a factor bearing on his credibility

.... But the fact that the occupation is respectable—even exalted—does not of itself elevate the witness' testimony above that of any other reputable witness.

The profession of a preacher does not necessarily invest a man with the purity of morals which renders him more scrupulous in declaring the truth than another man; for it sometimes happens, that even the members of that sacred vocation are overpowered by the temptations to vice. That a witness is a preacher ought, if proved, to be stated to the Jury, that they may judge how far that circumstance entitles his testimony to additional weight; but even then a Jury would draw their conclusions from his individual character, and its correspondence with his profession, rather than from the profession itself. The instruction given in this case can only be sanctioned by assuming the position that a preacher *ex vi termini,* denotes a person whose evidence is entitled to greater weight than that of another man: whereas, a preacher whose life and profession are at variance, is less entitled to confidence than another man, since to his other vices he adds that of hypocrisy; and he who could impiously aim to deceive the Deity, would not scruple to mislead his creatures. *Id.* at 870 (citations omitted).

credibility of a party or witness .... The relevancy of testimony which aids in the jury's determination of a party's credibility and veracity has been repeatedly affirmed.... Although an opponent is not permitted to adduce extrinsic evidence that a party lied on a previous occasion, he may nonetheless ask questions to that end." *Lewis v. Baker*, 526 F.2d 470, 475 (2d Cir. 1975) (citations to supporting authorities have been omitted). In a footnote the court made this significant observation: "While this court has consistently employed a rigorous rule in criminal cases requiring that specific acts of past misconduct may not be inquired into on cross-examination unless they resulted in conviction, that rule is inapplicable to civil cases ...." *Lewis v. Baker, supra,* fn. 7 at p. 475.

I also do not agree that the discovery the defendant seeks raises any "issue of uncertain constitutional dimension" as argued by the plaintiff. No question is being raised, nor will any be permitted either during discovery or upon trial, which in any way impairs the free exercise by the plaintiff of his religion. It is his credibility, not his theology, that is sought to be discovered.

Notwithstanding the conclusions I have reached thus far, the scope of discovery is subject to the qualification that the court may limit it. Rule 26(c) of the Fed.R.Civ.P. confers broad powers upon the court to limit or prevent discovery even though the information sought is relevant and within the scope of Rule 26(b). The courts have, in appropriate cases, protected materials that are primarily of an impeaching character. *See, e.g., Wiesenberger v. W.E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y.1964). Mindful of that limitation, I have considered the specific items listed in the document request and the notice to admit and make the following determinations: The plaintiff's objections to the production of documents under categories A and B of the defendant's first request for production of documents under Rule 34 are overruled. The plaintiff's objections to documents under categories C, D and H are sustained. There being no documents extant under

categories E and G and the plaintiff having agreed to produce documents under category F, no determination as to those categories is required.

The objections made by the plaintiff to the request for admissions pursuant to Rule 36 of the Fed.R.Civ.P. are sustained as to the following numbered items in that request: 1, 2, 3, 4, 5, 8, 11, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 28, 29, 30, 31, 33, 35, 36, 38, 39, 40, 41.

The objections made by the plaintiff to the request for admissions pursuant to Rule 36 of the Fed.R.Civ.P. are overruled as to the following numbered items: 6, 7, 9, 10, 12, 19, 20, 21, 27, 32, 34, 37.

The defendant's motion to take the deposition of various clergymen by telephone pursuant to Rule 30(b)(7) of the Fed.R. Civ.P.; appointing his attorney, Herbert Monte Levy, Esq. to administer oaths in connection with that deposition pursuant to Rule 28(a) of the Fed.R.Civ.P.; to record such deposition testimony on a recording device, to preserve such testimony and to provide a copy thereof to the plaintiff's attorney at the expense of the defendant, is granted. The defendant's motion to punish plaintiff for contempt for failure to comply with an order dated April 8, 1983 is denied. Also denied is the defendant's motion for an order pursuant to Rule 37 of the Fed.R. Civ.P. striking the complaint and dismissing the plaintiff's action.

The pretrial scheduling order previously issued is hereby amended to provide that discovery shall be concluded 90 days from the date of this order and the parties shall appear for a pretrial conference on September 18, 1984 at 4:30 P.M. in Courtroom 5.

SO ORDERED.