**Constance Ann JAHR, Plaintiff,**

v.

**IU INTERNATIONAL CORPORATION and CCX Nationwide, Inc., jointly and severally, doing business as Coast To Coast Express, Defendants.**

Civ. A. No. C–85–972–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

March 3, 1986.
Stipulation of Procedures
March 25, 1986.

David B. Puryear, Jr., Greensboro, N.C., for plaintiff.

W.T. Cranfill, Jr., John C. Miller, Blakeney, Alexander & Machen, Charlotte, N.C., for defendants.

## MEMORANDUM ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff moves pursuant to Rule 30(b)(7), Fed.R.Civ.P., to take the telephonic deposition of William Scott, a resident of the State of California. She states that this witness has knowledge of facts central to the issues in this action, and that he was her supervisor at the time both of them were employed by defendants. Plaintiff alleges that due to her lack of financial means, she needs to depose the witness by telephone.

Defendants oppose the motion. They assert plaintiff must show extraordinary circumstances in order to be permitted to take a telephonic deposition. First, they argue that it is imperative to cross-examine the witness under conditions which proximate trial conditions since plaintiff intends to use Scott's deposition as substantive evidence at the trial. According to defendants, this means they must be permitted an opportunity to observe the witness. Second, defendants state that plaintiff fails to show good cause for a telephonic deposition on grounds of financial necessity since plaintiff has not submitted a financial affidavit. Defendants rely on three cases as supporting their position, citing *Clem v. Allied Van Lines International Corp.*, 102 F.R.D. 938 (S.D.N.Y.1984); *Southern Seas Shipping Co., Ltd. v. Blue Anchor, Inc., et al.*, No. 83–3851 (E.D.Pa. April 5, 1985); and *United States v. Ferrera*, 746 F.2d 908 (1st Cir.1984). Defendants state that the one case permitting a telephonic deposition pursuant to Rule 30(b)(7), did so without any discussion of the relevant issues. *See Coyne v. Houss*, 584 F.Supp. 1105 (E.D.N.Y.1984). The Court disagrees with defendants' interpretation of Rule 30(b)(7) and finds the cited cases to be inapposite.

In 1980, Rule 30(b) was amended to permit the taking of telephonic depositions. The Rule now provides:

> The parties may stipulate in writing or the Court may upon motion order that a deposition be taken by telephone. For the purposes of this rule and Rules 28(a), 37(a)(1), 37(b)(1) and 45(d), a deposition taken by telephone is taken in the district and at the place where the deponent is to answer questions propounded to him.

Rule 30(b)(7), Fed.R.Civ.P.

Nothing in the language of Rule 30(b)(7) requires that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship. Nor do the Advisory Committee Notes give any reason to imply such restrictions were intended as conditions for issuing an order to conduct telephonic depositions.[1] However, by looking to a concomitant 1980 amend-

---

1. The Advisory Committee Notes do not disclose the purpose for adding subsection (b)(7) or supply standards for issuing orders permitting telephonic depositions. The Note simply provides:

    Depositions by telephone are now authorized by Rule 29 upon stipulation of the parties. The amendment authorized that method by order of the court. The final sentence is added to make it clear that when a deposition is taken by telephone it is taken in the district and at the place where the witness is to answer the questions rather than that where the questions are propounded.

ment to Rule 30, one discerns a purpose to encourage the courts to be more amenable to employing non-traditional methods for conducting depositions, such as telephonic depositions, in order to reduce the cost of federal litigation. In the same year that subsection (b)(7) was added, Rule 30(b)(4) was amended to further encourage the use of and experimentation in taking depositions which are recorded by other than stenographic means. Previously, a party had to apply for a court order. With the 1980 amendment, the parties could stipulate to a non-stenographic deposition. The Advisory Committee Notes state the purpose for this amendment was to encourage use of electronic depositions.

■ The Court finds Rule 30(b)(7) should be construed *in pari materia* with subsection (b)(4). Both have a joint purpose of reducing the cost of federal litigation by providing alternatives to traditional stenographic depositions. The courts have not required a showing of extraordinary circumstances before granting Rule 30(b)(4) motions. *See* 8 Wright, Miller & Elliot, *Federal Practice and Procedure* § 2115 at 176–181 (Supp.1985).[2] Likewise, no reason appears for imposing harsh or unusual requirements before permitting telephonic depositions.

■ Because of the history and similar purpose of subsections (b)(4) and (b)(7), the Court concludes that leave to take telephonic depositions should be liberally granted in appropriate cases. This construction accords with the purpose for permitting telephonic depositions, which necessarily must have been to encourage courts to experiment with non-traditional means of taking depositions. In ruling on motions for telephonic depositions, a court may appropriately exercise its discretion with caution in order to protect the integrity of the

deposition process and assure that no one is truly prejudiced by employment of this new and relatively untested method. However, until experience demonstrates otherwise, no reason now appears for establishing a rule requiring the moving party to show necessity. Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically.

Defendants' citation of authority is not to the contrary. In *Clem v. Allied Van Lines International Corp., supra,* the court denied plaintiffs' request to take his telephonic deposition outside the district based on its long standing policy of requiring non-resident plaintiffs to be deposed within the district. It was in this context that the court stated that plaintiff would be required to show extreme hardship in order to be permitted to have his deposition taken telephonically outside the district. The decision, thus, involves the court's policy with respect to having plaintiffs deposed within the forum and not a general rule covering Rule 30(b)(7) depositions.

In *Southern Seas Shipping Co., Ltd. v. Blue Anchor, Inc., supra,* the court denied a request to depose two non-party witnesses who would authenticate documents in order to establish a claim. There, the court noted that the witnesses were not parties, but were Chilean nationals and that a telephonic deposition outside of the United States was not appropriate. The Court held that the depositions should be taken by traditional means in view of Rule 28(b), Fed.R.Civ.P., which provides for the taking of depositions in foreign countries and in view of 28 U.S.C. § 1781 (providing for letter rogatories). In *Clem,* the deponent-

---

**2.** Indeed, in the District of Columbia Circuit, the court has stated that a trial court's discretion in ruling on a Rule 30(b)(4) deposition is limited to concerns of accuracy and trustworthiness. *Colonial Times, Inc. v. Gasch,* 509 F.2d 517 (D.C. Cir.1975). While other courts would not so restrict a district court to those issues in deciding whether to permit non-stenographic deposi-

tions, neither have they imposed standards which would discourage use of non-stenographic depositions. *See In Re Sessions,* 672 F.2d 564 (5th Cir.1982); *Westmoreland v. CBS, Inc.,* 584 F.Supp. 1206 (D.C.1984)—(fear that videotaped deposition may be used to abuse non-party witness sufficient to deny Rule 30(b)(4) motion).

plaintiff also wanted to be deposed outside the United States. Thus, in both *Clem* and *Southern Seas,* the decision denying the telephonic deposition had ample justification on the grounds that the depositions were simply not authorized since they were to take place outside of the United States.[3] However, that issue is not before the Court, as the witness here will be deposed within the United States.

Defendants urge that the Court deny the telephonic deposition on the grounds that they will be denied face-to-face contact with the witness. They cite *United States v. Ferrera, supra,* in support of this rationale. However, that case involved a criminal prosecution. The Court stated it was reluctant to permit any kind of deposition in a criminal case because of the policy favoring live testimony and, therefore, was even less sympathetic with a telephonic deposition which would further isolate the witness from the trial process. The court stated that it would require a strong showing of necessity before authorizing such a procedure. (Also, the deponent was located outside the United States.) Because *Ferrera* involved concerns unique to criminal prosecutions, the Court does not find it authority for construing Rule 30(b)(7).

■■■ In civil cases, the better rule is that a request for a telephonic deposition should not be denied on the mere conclusory statement that it denies the opportunity for face-to-face confrontation. Unlike criminal cases, depositions of unavailable witnesses are routinely read to `the jury. Reading a telephonic deposition will be no different than reading any other deposition. The only change created by a telephonic deposition is that the attorneys cannot see the witness. However, telephone conferences are becoming an increasing reality in business and law. Finally, lack of face-to-face questioning is the very essence of a telephonic deposition. Acceptance of defendants' argument would be tantamount to repealing subsection (b)(7). Thus, the party opposing the telephonic deposition must come forward with a particularized showing as to why a telephonic deposition would prejudice it. With respect to the instant case, defendants complain that a witness may be coached at a telephonic deposition. However, as will be seen later, the officer who administers the oath to the witness will likely be present to report such conduct. And, in any event, the Court finds that unverified concern to be insubstantial.[4]

■■■ The Court concludes that defendants have failed to meet their burden of showing the Court that a telephonic deposition would not be appropriate in this case. Plaintiff has alleged a financial hardship in traveling to California, which, it is noted, not only involves purchasing a plane ticket but counsel's travel time as well. The Court finds that plaintiff has stated a legitimate reason for requesting a telephonic deposition and defendants have failed to identify any legitimate source of concern which would persuade the Court to deny the motion. Therefore, plaintiff's motion will be granted. However, one issue must be resolved before the deposition may proceed.

3. The very terms of Rule 30(b)(7) makes it questionable whether telephonic depositions are authorized outside of the United States or its territories or insular possessions. The last sentence of the subsection provides that for purposes of the Rule, a telephonic deposition is taken in the district and place where the deponent answers the questions, and cites Rule 28(a), but not Rule 28(b). The omission of Rule 28(b), which governs depositions in foreign countries, was likely intentional in recognition of the difficulties, in general, encountered in conducting foreign depositions. *See* 8 Wright & Miller, *Federal Practice and Procedure,* § 2083 (1970). In light of the sensitive nature of foreign depositions, the drafters may have felt that the time was not yet ripe for United States courts to order telephonic depositions in foreign countries.

4. If defendants truly had a concern regarding the coaching of the witness, it would seem that they would have requested permission to fly to California to confront the witness while plaintiff took the witness' deposition over the telephone in North Carolina. That procedure would eliminate all of defendants concerns and still accommodate plaintiff's desires as well. However, neither party has raised this issue and the Court does not express any opinion on the permissibility of such a procedure.

Plaintiff has not indicated to the Court how she intends to comply with Rule 28(a) which requires that depositions be taken before an officer authorized to administer oaths. Rule 30(b)(7) states that a deposition is deemed to be taken in the district and place where the deponent answers questions propounded to him. Consistent construction of both these rules would seem to require that, for this out-of-state telephonic deposition, the witness must be administered the oath by a person who is in the witness' presence at the place of deposition. This person may or may not be the stenographer. Neither side has addressed this issue. The parties will be requested to resolve the matter themselves and submit a stipulation to the Court. Failing to do so, plaintiff will be required to submit a plan to the Court and move for an additional order.

IT IS THEREFORE ORDERED that plaintiff's motion to be permitted to conduct a telephonic deposition of William Scott in Richmond, California, is granted on the condition that plaintiff submit to the Court for its approval a stipulation between the parties concerning the mechanics of taking the deposition and should the parties fail to agree and obtain the Court's approval, plaintiff shall be required to request further relief from the Court.

## STIPULATION OF PROCEDURES TO BE UTILIZED FOR TAKING DEPOSITION BY TELEPHONE

For purposes of this action, in which plaintiff alleges violations of the Equal Pay Act, 29 U.S.C. § 206, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and pursuant to the Court's Order of March 3, 1986, the plaintiff and the defendants, by and through their undersigned counsel, stipulate and agree that the telephonic deposition of William Scott shall be taken utilizing the following procedures:

1. The witness, William Scott, will be present in the State of California in the County of Contra Costa, at or near the City of Richmond, before a Notary Public of the State of California or some other officer authorized under the laws of the State of California to administer oaths.

2. The stenographer who will record the deposition of the witness will be present at the same place with the witness, in the State of California.

3. Present with the witness and the transcribing stenographer will be a telephone equipped with a speaker to allow the witness and the stenographer simultaneously to hear the questions propounded via telephone by counsel for the plaintiff and defendants.

4. Counsel for the parties will be present together at the offices of counsel for the defendants, in Charlotte, North Carolina, where counsel will conduct their examination of the witness by use of a telephone equipped with a speaker to allow them simultaneously to hear the responses of the witness to the interrogatories, as the witness makes his response before the stenographer in California.

5. Utilizing the foregoing procedure, the deposition by telephone of the witness, William Scott, will be taken upon oral examination at 2:00 o'clock p.m., Eastern Standard Time (11:00 a.m. Pacific Standard Time), on the 27th day of March, 1986, and will continue from day to day until completed.

6. It is expressly understood and agreed between all parties and counsel that by stipulating to the matters contained in this document, the defendants do not waive and are not estopped from raising on appeal questions regarding the propriety of this deposition or the decision and order of the Court which required the taking of this deposition.