**REHAU, INC., a Delaware corporation, Plaintiff and Counter–Defendant,**

v.

**COLORTECH, INC., a Michigan corporation; Paulette Leist, a Michigan resident; Dawn Johns, a Michigan resident; and Hans Lill, a West Virginia resident, Defendants and Counter–Claimants.**

No. 5:90:CV:57.

United States District Court, W.D. Michigan.

Jan. 7, 1993.

Webb A. Smith, Scott A. Storey, Foster, Swift, Collins & Smith, PC, Lansing, MI, Randall S. Schau, Scott Graham, Gemrich, Moser, Bowser, Fette & Lohrmann, Kalamazoo, MI, for plaintiff.

---

Alan H. Silverman, Barbara H. Donnelly, James Robard, Alan H. Silverman, P.C., Kalamazoo, MI, for defendants.

## OPINION

ENSLEN, District Judge.

This discovery dispute is before the Court pursuant to plaintiff's appeal of a portion of an Order issued by Magistrate Judge Rowland. On November 16, 1992, Magistrate Judge Rowland issued an Opinion and Order granting defendants' motion to compel the depositions of several parties. Plaintiff now objects to the order as applied to Helmut and Jobst Wagner, who are citizens of Germany and Sweden.

■ Defendants' motion to compel depositions was part of its ongoing efforts to discover plaintiff's corporate meeting minutes.[1] In its motion, defendants argued that had plaintiff properly responded to prior discovery requests, depositions taken earlier could have covered issues raised by the notes. Magistrate Judge Rowland agreed that the notes were responsive to plaintiff's February 19, 1991 discovery requests, and that plaintiff's failure to produce the notes at that time prevented defendants from inquiring about them in depositions of Rehau employees taken in November and December, 1991. Therefore, Magistrate Judge Rowland concluded, plaintiff should bear the expense of providing for the attendance of Helmut and Jobst Wagner at depositions in Kalamazoo, Michigan. In addition, Magistrate Judge Rowland concluded that because they are officers subject to control of the plaintiff corporation, this Court has the authority to compel the deposition of Helmut and Jobst Wagner, and subpoenas need not be issued. *See,* 8 Wright & Miller, *Federal Practice and Procedure,* § 2107 (1970).

Plaintiff objects to Magistrate Rowland's grant of an order to compel the deposition of the Wagners, and in the alternative, argues that the Wagners should not be

required to travel to Michigan, and instead should be deposed telephonically.

*Should the Court Compel the Depositions of the Wagners?*

A judge may reconsider any pretrial matter a magistrate judge rules on when the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). I do not find that Magistrate Judge Rowland's order compelling the deposition of the Wagners meets this standard of error. I agree that defendants were placed at an unfair disadvantage when they were required to take the depositions of Rehau personnel without being afforded the opportunity to review the minutes of corporate meetings.

Plaintiff first argues that the Court cannot compel the deposition of Jobst Wagner because he is no longer employed by plaintiff. Jobst Wagner left the employ of Rehau in October of 1990. However, he is currently the Director of Purchasing for plaintiff Rehau's European based parent company. Jobst's father, Helmut, is President of plaintiff Rehau and its European parent company as well. In addition, he was a member of plaintiff Rehau's Management Committee while he was located in the United States. Upon review, I believe that Magistrate Judge Rowland's conclusion that Jobst Wagner may be considered an officer, director, or managing agent of plaintiff, and therefore his deposition may be compelled without subpoena, is not clearly erroneous or contrary to law.

Secondly, plaintiff claims that the order to compel the deposition of Helmut Wagner was in error because he did not attend the Management Committee Meetings. The Order states that the scope of the depositions "shall be limited to inquires regarding each deponents involvement in Plaintiff's corporate meetings which were conducted from January, 1989 through January 1992." Therefore, plaintiff argues, he will have nothing to contribute to defendants' inquiry. Defendants argue that Helmut Wagner was copied with each minute in

---

1. Magistrate Judge Rowland reviewed the Corporate Meeting Minutes, concluded that they were not protected by the attorney/client privi- lege as plaintiff asserted, and ordered plaintiff to produce them for defendants.

question, and that some meeting minutes include references to him. Defendants have a right to inquire about Helmut Wagner's "involvement in Plaintiff's corporate meetings", and it is conceivable that such involvement need not include presence at the meetings. Therefore, I will deny plaintiff's appeal on this point as well.

*Should the Wagners be Deposed by Telephone?*

■ Magistrate Judge Rowland's Order requires that Jobst and Helmut Wagner be brought from Europe to Kalamazoo, Michigan at plaintiff's expense, so that defendants may ask them about their involvement in approximately three years of Management Committee Meetings. Plaintiff requests that this Court modify the Order so that the Wagners may be deposed by telephone pursuant to Fed.R.Civ.P. 30(b)(7), 26(b) and 26(c). Rule 30(b)(7) provides that the court may, upon motion, order that a deposition be taken by telephone. In relevant part, Rule 26 provides as follows:

[(b)(1)] the frequency or extent of use of the discovery methods ... shall be limited by the court of it determines that ... the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

\* \* \* \* \* \*

[(c)] the court ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including one or more of the following: ... (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery.

Few courts have addressed the correct application of Rule 30(b)(7). The test advanced by one district court is that when a "real potential for prejudice can be shown ... the court must balance the likelihood, nature and extent of such prejudice against the issues involved in the litigation and the inconvenience and cost of using alternative, more traditional methods of discovery." *Mercado v. Transoceanic Cable Ship Co., Inc.,* 1989 WL 83596, U.S.Dist. LEXIS 8484 (E.D.Penn.1989) (denying motion to take depositions by telephone because discussion of diagrams and photographs were an integral part of the inquiry). In a slightly different context, the D.C. Circuit Court of Appeals has concluded that the only reason to deny a party's motion under Rule 30(b)(4) to take deposition by other than stenographic means is if the requested method would not reasonably ensure accuracy and trustworthiness equivalent to stenography, or if the opposing party's interests will be prejudiced. *Colonial Times v. Gasch,* 509 F.2d 517 (D.C.Cir.1975).

■ I disagree with the approach of the district court for the Southern District of New York, which concluded that absent extreme hardship, the plaintiff should be required to appear for deposition in his or her chosen forum. *Clem v. Allied Van Lines Int'l Corp.,* 102 F.R.D. 938 (S.D.N.Y. 1984). Instead, I think that the rationale of *Jahr v. IU Int'l Corp.,* 109 F.R.D. 429 (M.D.N.C.1986) is correct:

Nothing in the language of Rule 30(b)(7) requires that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship.... by looking to a concomitant 1980 amendment to Rule 30, one discerns a purpose to encourage the courts to be more amenable to employing non-traditional methods for conducting depositions ... in order to reduce the cost of federal litigation.

\* \* \* \* \* \*

Because of the history and similar purpose of subsections (b)(4) and (b)(7), the Court concludes that leave to take telephonic depositions should be liberally granted in appropriate cases.... Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to

establish why the deposition should not be conducted telephonically.

109 F.R.D. 429, 430–31. The *Jahr* court's interpretation of Rule 30(b)(7) is consistent with Rule 1, which states that the Rules of Civil Procedure shall be "construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

Defendants make no claim that the use of telephonic depositions in this case will be inaccurate or untrustworthy, and they do not argue that they will be prejudiced in any way. Defendants only state that they anticipate that each deposition will last one full day at the least.

There is no reason why a full day's deposition cannot be conducted by a conference call, and there is no indication that the integrity of the discovery process will be compromised in any way by doing so. The litigants in this action have managed to file 367 documents with this Court to date—surely, the expenses to each side must be astronomical. I see positively no reason to add the cost of two trans-Atlantic flights and hotel accommodations to the tab when the same task can be accomplished with two simple phone calls. Therefore, plaintiff's motion on this point will be granted.