Zane S. Blanchard & Co. v. PSPT, Ltd. CV-92-660-SD  09/20/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Zane S. Blanchard & Co., Inc.

       v.                                     Civil No. 92-660-SD

PSPT, Ltd.


O R D E R


    This order addresses the issues raised by certain pending motions.


1.  Defendant's Motion for Certification, document 44

    On May 18, 1995, the court issued an order which, inter alia, denied the motion of defendant PSPT, Ltd., to dismiss on the ground of forum non conveniens.  Document 40, at 4-15. Defendant now moves to certify this issue to the Court of Appeals

pursuant to the provisions of 28 U.S.C. § 1292(b).[1]  The plaintiff objects.  Document 46.

Considering the clearly discretionary nature of the challenged ruling, <u>American Dredging Co. v. Miller</u>, ___ U.S. ___, ___, 114 S. Ct. 981, 989 (1994), the age of the litigation, and the circumscribed authority vested in the district court by virtue of section 1292(b), <u>Swint v. Chambers County Comm'n</u>, ___, U.S. ___, ___, 115 S. Ct. 1203, 1210 (1995), the motion will be denied.  The First Circuit has made clear its hostility to such interlocutory certification by clearly stating that it

> "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." <u>McGillicuddy v. Clements</u>, 746 F.2d 76, 76 n.1

_____

[1]28 U.S.C. § 1292(b) provides in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

2

(1st Cir. 1984); <u>see also</u> <u>In re Heddendorf</u>,
263 F.2d 887, 888-89 (1st Cir. 1959); <u>Bank of</u>
<u>New York v. Hoyt</u>, 108 F.R.D. 184, 188-90
(D.R.I. 1985).

<u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 859 F.2d 1007,

1010 n.1 (1st Cir. 1988).

The instant litigation does not fall without the strictures

thus mandated.


2.  Plaintiff's Motion to Compel Telephonic Depositions, document
43

The order of May 18, 1995, also addressed the issue of the

situs of proposed depositions of two employees of the defendant.

Document 40, at 15-18.  In granting the defendant's motion for a

protective order, the court directed that such depositions be

taken in Israel or, alternatively, on payment of the necessary

expenses for the witnesses to travel, in the United States.  <u>Id.</u>

at 18 n.8.  Alternatively, the court suggested telephonic

depositions pursuant to Rule 30(b)(7), Fed. R. Civ. P.[2]  <u>Id.</u>

---

[2]Rule 30(b)(7), Fed. R. Civ. P., provides,

> The parties may stipulate in writing or the
> court may upon motion order that a deposition
> be taken by telephone or other remote
> electronic means.  For the purposes of this
> rule and Rules 28(a), 37(a)(1), and 37(b)(1)
> a deposition taken by such means is taken in
> the district and at the place where the

3

The fond hopes of the court that adult attorneys would be able to agree on one of the suggested alternatives have proven to be overly optimistic.[3]  Defendant questions whether Rule 30(b)(7) authorizes the taking of telephone depositions in foreign countries, but suggests alternatively that if such depositions are to be allowed, the plaintiff should undertake the expense of defendant's United States counsel to travel to Israel to prepare the prospective deponents.

There appears to be some dispute as to the authority to take telephonic depositions of witnesses in foreign countries.  In Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444 (W.D. Mich. 1993), the court was faced with plaintiff's appeal of a magistrate's order which directed plaintiff to produce certain corporate officers, resident in Europe, for depositions in the United States.  Plaintiff requested modification of the order to permit such depositions to be taken by telephone.  Adopting what it described as the "rationale" of Jahr v. IU Int'l Corp., 109 F.R.D. 429 (M.D.N.C. 1986), the court granted plaintiff's motion for telephonic depositions.  Id. at 446-47.

_____

deponent is to answer questions.

[3]In closing its suggestion of telephone depositions, the court stated, "Such a common-sense approach may serve to ameliorate the parties' joint concerns of burden and expense while accommodating their respective needs for appropriate discovery."  Document 40, at 19 n.8.

4

However, <u>Jahr v. IU Int'l Corp.</u>, <u>supra</u>, did not concern foreign telephonic depositions, but a deposition which was to be taken in California. Adverting to the issue of foreign depositions in dicta, the court indicated that the omission in the last sentence of Rule 30(b)(7), <u>supra</u> note 2, of any reference to Rule 28(b), Fed. R. Civ. P. (governing foreign depositions) made it questionable whether telephonic depositions are authorized outside of the United States. 109 F.R.D. at 432 n.3.

The court does not believe it wise at this time to try to rule on the territorial scope of telephonic depositions under Rule 30(b)(7). The suggested alternatives the court finds to be more reasonable, and the court accordingly denies the motion to compel, but grants plaintiff the options of (1) traveling to Israel to depose the witnesses or (2) paying the expenses of <u>one</u> United States-based attorney of the defendant to travel to Israel to prepare such witnesses for telephonic depositions. The previous option of paying the necessary expenses to transport the witnesses to the United States also remains viable.


<u>3. Defendant's Assented-to Motion to Extend Time, document 51</u>

Agreed to by the parties, this motion seeks to extend to November 5, 1995, the date for the filing of pretrial materials. The motion is granted.

5

## 4. Conclusion

The motion for certification pursuant to 28 U.S.C. § 1292(b) (document 44) has been denied. The motion to compel telephonic depositions (document 43) has been denied, with plaintiff granted various options concerning such depositions. The defendant's assented-to motion to extend time for filing pretrial materials (document 51) has been granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 20, 1995
cc: Lawrence M. Edelman, Esq.
    Michael Lenehan, Esq.
    Bernard J. Bonn III, Esq.