Leroy CRESSLER, Plaintiff,

v.

John Rapp NEUENSCHWANDER, M.D., and John Rand Neuenschwander, M.D., Defendants.

Civil Action No. 95–1034–DES.

United States District Court, D. Kansas.

Dec. 9, 1996.

Thomas Clayton Boone, Hays, KS, Gene E. Schroer, Schroer, Rice, P.A., Topeka, KS, for Leroy E. Cressler.

Matthew L. Bretz, Gilliland & Hayes, P.A., Hutchinson, KS, for John Rapp Neuenschwander, M.D., John Rand Neuenschwander, M.D.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This is a medical malpractice action in which the plaintiff claims that the defendants were negligent and departed from standard medical care. Now before the court is the plaintiff's Amended Motion for Order to Allow Telephonic Depositions of Dr. Golitz, Dr. Dreiling and Dr. Gonzales (Doc. 109).

■ The plaintiff seeks an order allowing the taking of the depositions of Loren Golitz, M.D., Lyndah Dreiling, M.D., and Rene Gonzales, M.D. by telephonic means in order to reduce costs. Fed.R.Civ.P. 30(b)(7) provides that "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone." The plaintiff also asks the court to order that neither the plaintiff's counsel nor defense counsel be present in person with the witnesses when the depositions are taken. The plaintiff maintains that if either attorney attends the depositions in person, the other attorney will feel obliged to also appear in person.

The defendants do not object to the plaintiff's appearing and deposing the witnesses via telephonic means. The defendants ask, however, that they not be precluded from being present in person at the depositions.

■ The party seeking to depose a witness telephonically must present a legitimate reason for its request. *Jahr v. IU Int'l*

*Corp.,* 109 F.R.D. 429, 431 (M.D.N.C.1986). The burden then shifts to the opponent to show why the deposition should proceed by a more traditional method. *Id.* at 431. The court must consider whether the use of telephonic means would reasonably ensure accuracy and trustworthiness, and whether the opposing party would be prejudiced. *Rehau, Inc. v. Colortech, Inc.,* 145 F.R.D. 444, 447 (W.D.Mich.1993).

The plaintiff submits that Drs. Golitz, Dreiling, and Gonzales are located in Denver, Colorado, and that allowing him to depose the witnesses telephonically would reduce the costs of taking the depositions. The court finds that the plaintiff's desire to save money constitutes a legitimate reason to conduct the depositions telephonically. The defendants, however, claim that they would be prejudiced in several ways if precluded from personally attending the evidentiary depositions. The defendants assert that (1) they would be prevented from effectively evaluating the witnesses' demeanor; (2) it would be difficult for the court reporter to accurately record everything said by the witnesses and attorneys; and (3) the defendants would be unable to examine files maintained by the witnesses.

■ A party's ability to see a key witness and judge his demeanor are important considerations in the decision to permit a telephonic deposition. *Anguile v. Gerhart,* Civ.A. No. 93–934 (HLS), 1993 WL 414665, at *3 (D.N.J. Oct. 7, 1993) (granting plaintiff's motion for initial telephonic deposition, provided that second deposition would be in person). On the other hand, telephonic depositions inherently lack face-to-face questioning, and to deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing Fed. R.Civ.P. 30(b)(7). *Jahr,* 109 F.R.D. at 432. Similarly, the defendants' second proffered reason for conducting the depositions in person, i.e., that it would be difficult for the court reporter to accurately record everything that is said, would seem to be no more persuasive in this case than in any other in which telephonic depositions are sought.

■ The defendants' third reason for being present at the depositions, however, is

more compelling. The defendants submit that it would be extremely difficult to identify, mark, and utilize the witnesses' extensive medical records during a telephonic deposition, or to use medical articles and journals to cross-examine the witnesses. The existence of voluminous documents which are central to a case may preclude a telephonic deposition. *Fireman's Fund Ins. Co. v. Zoufaly,* No. 93 Civ. 1890 (SWK), 1994 WL 583173, at \*1 (S.D.N.Y. Oct. 21, 1994); *see also Mercado v. Transoceanic Cable Ship Co.,* CIV.A. No. 88–5335, 1989 WL 83596 (E.D.Pa. July 25, 1989).

The court finds that the best solution in this case is to grant the plaintiff's motion for an order allowing the taking of the depositions of Drs. Golitz, Dreiling, and Gonzales by telephonic means, but to deny the plaintiff's request that the court order that neither plaintiff's counsel nor defense counsel attend the depositions in person. The plaintiff has provided the court with no authority, and the court has located none, which would restrain the defendant from being present during these depositions. *See* 4A James W. Moore, *Moore's Federal Practice* ¶ 30.09[5], at 30–114 n. 20 (2d ed. 1996) (Rule 30(b)(7) does not specify that a party may not be present during a telephonic deposition; so long as the voices of all the participants are transmitted, the deposition may fairly be characterized as taken by telephone under the rule). "[I]f the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, there is no reason not to permit it to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses." *Fireman's Fund,* 1994 WL 583173, at \*1; *see also Jahr,* 109 F.R.D. at 432 n. 4 (where plaintiff lacked financial resources and defendant was concerned about lack of face-to-face questioning, procedure by which plaintiff took deposition over the telephone and defendant appeared in person "would eliminate all of defendants [sic] concerns and still accommodate plaintiff's desires as well").

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's Amended Motion for Order to Allow Telephonic Depositions of Dr. Golitz, Dr. Dreiling and Dr. Gonzales (Doc. 109) is granted in part and denied in part. The plaintiff's motion for an order allowing telephonic depositions of Drs. Golitz, Dreiling, and Gonzales is granted. The plaintiff's motion for an order that neither party's counsel be present in person when the depositions are taken is denied.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Order to Allow Telephonic Depositions of Dr. Golitz, Dr. Dreiling and Dr. Gonzales (Doc. 108) is denied as moot.