THIS ORDER IS
A PRECEDENT
OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Crennan/Cohen

December 16, 2021

Opposition Nos. 91256556 (parent)
91256559
91256560

*Salutare S.A. de C.V.*

*v.*

*Remedy Drinks Pty Ltd*

**Wendy Boldt Cohen, Interlocutory Attorney:**

This matter is before the Board for consideration of Salutare S.A. de C.V.'s ("Opposer") motion to take the discovery depositions of Remedy Drinks Pty Ltd's ("Applicant") foreign-party affiliated witnesses by oral examination via videoconference,[1] and request that the Board set a deadline to disclose Opposer's rebuttal expert.[2] The motions are fully briefed.

## I. Background

Applicant, an Australia-based entity with a subsidiary and operations located in the United States, served its initial disclosures, identifying Emmet Condon

---

[1] 11 TTABVUE. Citations to the record or briefs in this order also include citations to the publicly available documents on TTABVUE, the Board's electronic docketing system. The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry.

[2] 15 TTABVUE.

(Applicant's co-founder), Gary Cobbledick (Applicant's director), and Alistair McLean (Applicant's creative director), all residents of Australia, as individuals likely having discoverable information.[3] Opposer, a Mexico-based entity, served its initial disclosures identifying Miguel Gonzalez,[4] with an address located in Mexico, as an individual likely having discoverable information.[5]

On April 2, 2021, in discussing the videoconference discovery deposition of Mr. Gonzalez noticed for April 19, 2021, Applicant's counsel noted that "[b]ecause we are asking that you and your client agree, under TBMP § 404.03 and 37 C.F.R. § 2.120(c), to a deposition by oral examination, we will of course make our client's foreign party witnesses similarly available."[6]

Prior to the noticed April 19, 2021 deposition of Mr. Gonzalez, in an April 7, 2021 e-mail, Opposer's counsel informed counsel for Applicant that Mr. Gonzalez was "in the greater Los Angeles area" but had "a trip to Mexico planned for the week of April 9, and will return to the states by approximately May 4th"; that he had selected co-counsel "to defend his depo" in person but that the deposition would need to be postponed until at least May 12, 2021 when co-counsel "will have developed sufficient immunity [from the COVID-19 vaccine] to work with Sr. Gonzalez in the same room"; and that Mr. Gonzalez would need an interpreter as he "conducts a great deal of

---

[3] 11 TTABVUE 17-21.

[4] *Id.* at 23-26.

[5] Opposer now asserts that Mr. Gonzalez has dual citizenship with both Mexico and the United States, and that he travels frequently between the countries. 19 TTABVUE 9.

[6] 11 TTABVUE 28.

business in Spanish and needs an interpreter to truly understand the questions [Applicant's counsel] will have for him."[7]

Shortly thereafter, on April 21, 2021, in response to Opposer's notice of deposition of Mr. Condon, Applicant's counsel e-mailed counsel for Opposer:

> [W]e are reviewing [the notice of deposition of Mr. Condon] with our client. As you [are] aware from Applicant's Initial Disclosures, Mr. Condon resides in Melbourne, Australia, and cannot begin his deposition at 10:30 a.m., which would be 1:30 am in Melbourne. If reasonable accommodations cannot be made we reserve the right to object to a deposition upon oral examination per TBMP § 404.03(b) and 37 C.F.R. § 2.120(c).[8]

Opposer's counsel replied that day: "I'm sure we can work something out for time to accommodate US and Australia folks."[9] On April 23, 2021, counsel for Applicant responded:

> We have conferred with our client, and pursuant to 37 C.F.R. § 2.120(c) and TBMP 404.03(b), Applicant Remedy Drinks hereby objects to the discovery deposition upon oral examination of Emmet Condon, and accordingly the entire Notice of Deposition issued for Mr. Condon's oral examination deposition. Under 37 C.F.R. § 2.120(c)(1) [the discovery deposition of a natural person residing in a foreign country], Applicant demands that if Opposer wishes to take the deposition of Mr. Condon, who is a natural person residing in a foreign country and an officer of Applicant, the deposition be taken in the manner prescribed by § 2.124 [depositions upon written questions] and as provided in Fed. R. Civ. P. 28.[10]

---

[7] 17 TTABVUE 21.

[8] *Id.* at 28.

[9] 11 TTABVUE 34.

[10] *Id.* at 36; 17 TTABVUE 30.

Between then and May 7, 2021, Opposer subpoenaed Applicant's U.S.-based subsidiary, Remedy Drinks USA LLC,[11] and its CEO, Cory Comstock,[12] for discovery depositions,[13] and noticed the depositions of Applicant's subsidiary[14] and Mr. Comstock.[15]

On May 5, 2021, Applicant's counsel objected to the subpoenas and notices of deposition for Applicant's subsidiary and Mr. Comstock on a number of grounds, the most relevant being that "nearly every one of the Categories for Examination [of the subsidiary] concern the operations and knowledge of [Applicant]," and that "the subpoena is a clear attempt to circumvent [the] objection" to the deposition of Applicant's foreign-party affiliated witnesses by oral examination.[16] Applicant's counsel further "note[d] that given the Categories for Examination deal almost exclusively with the Australian company, it is likely that the person most

---

[11] 11 TTABVUE 39-40.

[12] *Id.* at 49-50.

[13] Opposer does not appear to seek any relief with respect to Applicant's U.S.-based witnesses or other witnesses that were subpoenaed. Notwithstanding, the Board has no jurisdiction over non-party depositions or adverse witness depositions taken by subpoena. *See Ate My Heart, Inc. v. GA GA Jeans Ltd.*, 111 USPQ2d 1564, 1565 n.5 (TTAB 2014); *Dan Foam ApS v. Sleep Innovations, Inc.*, 106 USPQ2d 1939, 1942 n.4 (TTAB 2013); *Luehrmann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1304 n.3 (TTAB 1987). Proceedings related to the depositions of subpoenaed non-parties are within the control of the court issuing the subpoena.

[14] 11 TTABVUE 41-47.

[15] *Id.* at 51-52.

[16] 17 TTABVUE 32.

knowledgeable will reside in Australia and be subject to 37 C.F.R. § 2.120(c) and TBMP 404.03(b)."[17]

In a May 7, 2021 e-mail, Opposer's counsel informed counsel for Applicant of her intent to move to depose Messrs. Condon, Cobbledick, and McLean by oral examination via videoconference, "and possibly additional Rule 30b6 witnesses,"[18] to which Applicant's counsel responded that day by requesting time to discuss the matter.[19] Later that day, Opposer filed its motion, after which it served Applicant's counsel with the notices of deposition for Applicant, Mr. McLean, and Mr. Cobbledick.[20]

## II. Motion to Take Applicant's Foreign-Party Affiliated Discovery Depositions by Oral Examination via Videoconference

The Board first considers Opposer's motion to take the discovery depositions of Applicant's foreign-party affiliated witnesses by oral examination via videoconference.

### a. The Parties' Arguments

In support of its position, Opposer argues that it is abiding by the agreement in Applicant's April 2, 2021 e-mail to Opposer to produce foreign party witnesses for deposition by videoconference, and Applicant should not be rewarded for reneging

---

[17] *Id.* In a June 10, 2021 letter to Opposer's counsel, counsel for Applicant "designate[d] Mr. Emmet Condon and/or Mr. Gary Cobbledick to testify" on behalf of Applicant's subsidiary. *Id.* at 46.

[18] *Id.* at 36. The e-mail also identified Ms. Sarah Conlon, whose position and relationship with Applicant are unknown, and who does not appear to be the subject of the motion. *Id.*

[19] *Id.*

[20] 11 TTABVUE 57-73; 17 TTABVUE 41, 44.

with the one-sided benefit of conducting oral depositions by videoconference; that Applicant has demonstrated its intent to be uncooperative and evasive in responding to discovery such that an oral deposition is the only manner in which Opposer can expect to obtain necessary information; and conducting depositions by videoconference will be significantly less expensive for both Applicant and Opposer – even were it possible for Opposer to travel internationally at this time.[21]

In response, Applicant contends that Opposer "fail[ed] to make any good faith effort to resolve the issues presented in the motion"; it "attempted [to] end run around the rules" by "personally serv[ing] Remedy Drinks USA, LLC … and one of its officers, Cory Comstock, with deposition subpoenas" "with no prior notice or attempt to discuss"; it "did not even provide notice or serve several of the deposition notices raised in the [m]otion until after the motion was filed"; and it "concealed that Miguel Gonzalez, who Applicant properly noticed for a video deposition, does not reside in Mexico."[22]

Opposer replies that it "did not conceal the fact that Miguel Gonzalez is often present in California"; its "efforts to depose the US subsidiary are by no means a manner of circumventing the discovery rules," but "[r]ather, Opposer seeks to depose the US distributor of Applicant's products and Cory Comstock, the CEO of that entity"; and it "did meet and confer with Applicant" by "provid[ing] Applicant with the basis for and authorities supporting the relief it intended to seek from the Board

---

[21] 11 TTABVUE 6-7.

[22] 17 TTABVUE 2-3, 5 (emphasis omitted).

by this motion and requested that Applicant provide any authorities which supported its position" when "Applicant had repeatedly stated that it would not produce foreign witnesses for oral deposition and would only designate foreign witnesses for the US subsidiary."[23] Opposer also notes that "Australia's borders are currently closed due to Covid," and "[t]he only manner in which Opposer can conduct an oral deposition is by video conference."[24] Though Applicant's U.S.-based counsel may be prevented from being physically present during the depositions, Opposer asserts that "there are several ways in which to address this situation, such as retaining local counsel in Australia or having US-based legal counsel present by videoconference. Indeed, since Applicant is based in Australia, it seems very likely that it already has counsel located there who could assist in this regard."[25]

b. Standard

Pursuant to Trademark Rule 2.120(c)(1), 37 C.F.R. § 2.120(c)(1), ordinarily,

> [t]he discovery deposition of a natural person residing in a foreign country who is a party or who, at the time set for the taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure, shall, if taken in a foreign country, be taken in the manner prescribed by § 2.124 [i.e., upon written questions].

*See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 404.03(b) (2021).

---

[23] 19 TTABVUE 3, 5, 6 (emphasis omitted).

[24] *Id.* at 7.

[25] *Id.* Trademark Rule 2.11, 37 C.F.R. § 2.11 requires that a "party to a proceeding whose domicile is not located within the United States or its territories [] be represented by an attorney, as defined as defined in § 11.1 of this chapter, who is qualified to practice under § 11.14 of this chapter," i.e., an attorney who is licensed to practice law in the United States.

7

The Rule also provides that the Board may, "upon motion for good cause, order[] that the deposition be taken by oral examination" provided that the taking of the deposition complies with the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") if the foreign country is a signatory thereto. Trademark Rule 2.120(c)(1); *see also* TBMP §§ 404.03(b), 520. The Board will also, upon a showing of good cause, permit the deposition to be taken by "telephone or other remotes means" pursuant to Fed. R. Civ. P. 30(b)(4), so long as the deposition complies with the procedures set forth in the Hague Convention and local laws. *See, e.g., Hewlett-Packard Co. v. Healthcare Personnel, Inc.*, 21 USPQ2d 1552, 1552-53 (TTAB 1991); TBMP § 520; *cf. Andrusiek v. Cosmic Crusaders LLC*, 2019 USPQ2d 222984, at *3 (TTAB 2019) (granting petitioner's alternate motion to take oral cross-examination by telephone or remotely by other means, due to concern about travel and accommodation expense); *United States Postal Serv. v. RPost Comm'n Ltd.*, 124 USPQ2d 1045, 1047-48 (TTAB 2017) (quashing notice of election to take oral cross-examination of declarants because of location, but noting the applicant may accept the opposer's offer to make witnesses available for oral cross-examination by videoconference or telephone, thus, alleviating some concern about travel and attorney expenses); TBMP § 702.03 (depositions and oral cross-examinations may be conducted by telephone or videoconference if the parties so agree).

In determining whether good cause exists for a motion to take a foreign deposition orally, the Board weighs the equities, including the advantages of an oral deposition and any financial hardship that the nonmoving party might suffer if the deposition

8

were taken orally in the foreign country. *See Jain v. Ramparts Inc.*, 49 USPQ2d 1429, 1431 (TTAB 1998) (discovery depositions of foreign-resident witnesses may be taken only by way of written questions, unless the parties stipulate otherwise or unless the Board, upon motion for good cause shown, orders that the deposition be taken orally in the foreign country); *Orion Grp. Inc. v. Orion Ins. Co.*, 12 USPQ2d 1923, 1925-26 (TTAB 1989) (good cause found to take oral deposition of witness in England in view of the particular circumstances); *cf. Century 21 Real Estate Corp. v. Century Life of Am.*, 15 USPQ2d 1079, 1080 (TTAB 1990) (applicant would be prejudiced by rebuttal testimonial deposition on written questions of opposer's survey expert who was present in the United States), *corrected*, 19 USPQ2d 1479 (TTAB 1990).

In addressing the circumstances supporting the taking of the deposition of a foreign witness by oral examination, the Board in *Orion*, decided in 1989, observed that the travel cost from New York to London was not that much greater than many round trip flights in the United States. Travel costs were simply a factor to be considered and were not determinative of granting the request to take the deposition by oral examination. Rather, the affidavit of the foreign witness, which was the primary basis for the summary judgment motion, and the fact that the opponent had not yet had an opportunity to obtain discovery on the issues involved in the case, were the major factors favoring oral deposition. *Orion Grp. Inc.*, 12 USPQ2d at 1925.

In the thirty-plus years since *Orion* was decided, significant advances have been made in real-time telecommunications, including numerous, reliable, and secure platforms supporting videoconferencing over the Internet. Indeed, since March 2020,

when steps were initially taken to respond to the global COVID-19 pandemic, virtual meetings, teleconferencing, videoconferencing, and virtual hearings (before the TTAB and in the courts) have become commonplace.

c. Determinations

1. Oral Depositions

Turning to whether requisite good cause exists to grant the motion, the Board emphasizes that Applicant's counsel explicitly agreed in an e-mail exchange with counsel for Opposer to "make [his] client's foreign party witnesses similarly available" if Opposer consented, "under TBMP § 404.03 and 37 C.F.R. § 2.120(c), to a deposition by oral examination,"[26] and there is no indication that Opposer objected to this. And five days later, Opposer disclosed that its witness, Mr. Gonzalez, would be available to be deposed in the United States.[27] Assuming that Applicant's justification for defaulting on this arrangement originates from "Opposer['s] conceal[ment] that Miguel Gonzalez … does not reside in Mexico,"[28] Applicant did not raise this as an issue until briefing on this motion. In fact, after it was revealed that Mr. Gonzalez would be in the United States for his deposition, Applicant's counsel e-mailed counsel for Opposer:

> Additionally, with respect to the May 12 deposition of Mr. Gonzalez, my contact at Huseby Court Reporters has asked me if I would like to conduct a brief refresher / run-through of the Ring Central video conferencing platform. I want to see if she has provided you the same offer. I'm happy to connect us both with

---

[26] 11 TTABVUE 28.

[27] 17 TTABVUE 21.

[28] *Id.* at 2-3.

> the Huseby contact … in the event that you want to review the platform a day or two before the deposition. Please let me know and I can facilitate.[29]

Furthermore, after Opposer's counsel inquired of counsel for Applicant if he received Mr. Condon's notice of deposition,[30] Applicant's counsel responded that he was "reviewing it with [his] client," indicated the time difference between the United States and Australia, noted his unavailability on a particular day, and inquired if "reasonable accommodations [as to the deposition time and date] can be made."[31] To which counsel for Opposer replied, "I'm sure we can work something out for time to accommodate US and Australia folks."[32] It was only after these exchanges that Applicant's counsel objected to the deposition of Mr. Condon by oral examination,[33] but in so doing, counsel failed to explain why it was reversing course on the parties' arrangement as it pertained to their foreign witnesses. Consequently, the initial agreement followed by Applicant's unexplained change of mind strongly favors a finding of a good cause, particularly given that Applicant was afforded an opportunity to orally depose Opposer's witness.[34]

---

[29] *Id*. at 33.

[30] *Id*. at 28.

[31] *Id*.

[32] 11 TTABVUE 34.

[33] *Id*. at 36.

[34] Even if Mr. Gonzalez's presence in the United States automatically allowed for his deposition by oral examination, as Opposer notes, "Mr. Gonzalez was presented for deposition by video conference, and he chose to do so when he was present in California. He could just as easily have required Applicant to conduct his deposition by written interrogatories while Mr. Gonzalez was in Mexico. He did not." 19 TTABVUE 3.

Next, Opposer characterizes Applicant as being "uncooperative and evasive in responding to discovery such that an oral deposition is the only manner in which Opposer can expect to obtain necessary information."[35] In coming to this conclusion, Opposer argues that Applicant allegedly "wrongfully refus[ed] to produce a knowledgeable [U.S.-based] witness in response to the subpoena to its domestic subsidiary."[36] Though such an action does not justify the "uncooperative and evasive" description that Opposer has levied upon Applicant, regardless, if Opposer is implying that Applicant is required to identify a United States resident, if one exists, as its corporate representative for the purposes of a Fed. R. Civ. P. 30(b)(6) deposition, such an argument is without merit.

A party served with a Fed. R. Civ. P. 30(b)(6) deposition may designate "whomever it chooses … to testify on its behalf" so long as that person consents to testify. *See* 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2104 (3d ed. Apr. 2021 Update); *see also* Fed. R. Civ. P. 30(b)(6). The organization also must prepare the designee(s) "so that they can give complete, knowledgeable and binding answers as to matters known or reasonably available to the organization." TBMP § 404.06(b). Accordingly, so long as Mr. Condon and Mr. Cobbledick have agreed and are able to testify on the topics identified in Opposer's Fed. R. Civ. P. 30(b)(6) notice of deposition, the Board will not compel Applicant to

---

[35] 11 TTABVUE 6.

[36] *Id.* at 7-8.

produce another Fed. R. Civ. P. 30(b)(6) witness, even if located in the United States.[37] Accordingly, this point is immaterial to any consideration of facts constituting good cause in support of taking a deposition of a foreign witness by oral examination.

Opposer also alleges that "conducting the depositions by videoconference will be significantly less expensive for both Applicant and Opposer," presumably because counsel and the deponents will appear by videoconference.[38] Applicant, on the other hand, suggests that this method may be more expensive: "Applicant's counsel would have to fly to Australia to prepare and be present for the deposition."[39] Opposer counters that Applicant may "retain[] local counsel in Australia or hav[e] US-based legal counsel present by videoconference."[40]

Opposer, however, does not substantiate its position, and consequently the Board cannot find in this case that videoconferencing the depositions will be more or less expensive than conducting them upon written questions, particularly given that the expense of different forms of depositions likely varies. *Cf. Gaudreau v. Am. Promotional Events Inc.*, 82 USPQ2d 1692, 1696 (TTAB 2007) ("Whether notice [of a deposition] is reasonable depends upon the individual circumstances of each case.") (citations omitted); *Duke Univ. v. Haggar Clothing Co.*, 54 USPQ2d 1443, 1444 (TTAB

---

[37] If Opposer wishes to depose a specific U.S. employee of Applicant, it may do so on notice pursuant to Fed. R. Civ. P. 30(b)(1). *See* TBMP § 404.06(a). Such employee, however, may only be made to testify about facts within his or her personal knowledge. *See id.*

[38] 11 TTABVUE 7.

[39] 17 TTABVUE 11.

[40] 19 TTABVUE 7.

2000) (same) (citations omitted). Thus, the record does not support that this argument provides good cause.

Applicant's chief reason for contesting the motion appears to be that Opposer's counsel "clear[ly] fail[ed] to make any good faith effort to resolve the issues presented in the motion."[41] Though good-faith effort is required of a movant before seeking to compel disclosure or discovery, Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1), the Rules do not require such effort prior to filing a motion to depose a foreign-party affiliated witness by oral examination.[42] The Board also declines to construe Opposer's motion as one to compel, despite its description as such on the ESTTA cover sheet,[43] because Applicant did not fail to (1) make a disclosure required by Fed. R. Civ. P. 26(a); (2) answer an interrogatory submitted under Fed. R. Civ. P. 33; or (3) produce documents, respond that inspection will be permitted, or permit inspection as requested under Fed. R. Civ. P. 34; nor did a deponent fail to answer a question asked under Fed. R. Civ. P. 30 or 31, or a corporation or other entity fail to make a designation under Fed. R. Civ. P. 30(b)(6) or 31(a)(4). *See* Fed. R. Civ. P. 37(a)(3) (listing the bases for a motion to compel); *cf. NH Beach Pizza LLC v. Cristy's Pizza Inc.*, 119 USPQ2d 1861, 1862 n.1 (TTAB 2016) (construing motion captioned as motion to dismiss filed in lieu of answer as motion for summary judgment).

---

[41] 17 TTABVUE 2.

[42] In fact, they appear in separate subsections of the Trademark Rules and separate chapters of the TBMP: Trademark Rule 2.120(f), 37 C.F.R. § 2.120(f), and TBMP § 523 (motion to compel); Trademark Rule 2.120(c)(1) and TBMP § 404.03(b) (discovery depositions in foreign countries).

[43] 11 TTABVUE 1.

That being said, however, parties have a continuing obligation to cooperate with each other in good faith during discovery. *See Panda Travel, Inc. v Resort Option Enters., Inc.*, 94 USPQ2d 1789, 1791 (TTAB 2009); *Amazon Techs., Inc. v. Wax*, 93 USPQ2d 1702, 1705 (TTAB 2009); TBMP § 408.01. Failure to do so saddles the Board with needless motions and burdens it with resolving disputes which should be resolved by the parties. *See, e.g.*, *Johnston Pump/Gen. Valve Inc. v. Chromalloy Am. Corp.*, 10 USPQ2d 1671, 1677 (TTAB 1988); *Leuhermann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1305 (TTAB 1987).

For the reasons detailed above and because Applicant previously arranged with Opposer to make their foreign party witnesses available for oral deposition, and then reneged, the Board finds good cause exists for Opposer to take the depositions of Applicant's foreign-party affiliated witnesses by oral examination.

2. Deposition via Videoconference

With respect to Opposer's request that the depositions be taken via videoconference, Fed. R. Civ. P. 30(b)(4) provides for the taking of depositions "by telephone or other remote means," which would include by videoconference. "[F]ederal practice favors the use of technological benefits in order to promote flexibility, simplification of procedure and reduction of cost to parties," and the Federal Rules were amended "to encourage courts to be more amenable to employing non-traditional methods for conducting depositions." *Hewlett-Packard*, 21 USPQ2d at 1553 (citation omitted). "Nothing in the language of Rule 30 requires a showing of necessity, financial inability or other hardship to obtain an order to proceed via

15

[remote means], and leave to take … depositions [via remote means] should be liberally granted in appropriate cases." *Id.* (citing *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429 (M.D.N.C. 1986)).

As noted by Opposer, "[t]he Board will not order a natural person residing in a foreign country to come to the United States for the taking of his or her discovery deposition," *Jain*, 49 USPQ2d at 1431, and "Australia's borders are currently closed due to Covid."[44] Given the unpredictable nature of the current pandemic and the principle that "leave to take … depositions [via remote means] should be liberally granted," *Hewlett-Packard*, 21 USPQ2d at 1553, the Board finds it appropriate for the parties to conduct the oral depositions of Applicant's foreign-party affiliated witnesses via videoconference.[45] *See Flanders v. DiMarzio, Inc.*, 2020 USPQ2d 10671, at *5-6 (TTAB 2020) ("To the extent that Respondent's deposition does not proceed by video teleconference, telephone or similar acceptable means, Respondent must provide its corporate representative for the Rule 30(b)(6) deposition in New York City. However, in light of the current situation occasioned by the COVID-19 pandemic, if Petitioner intends to proceed with an in-person deposition, proceedings will remain suspended").

### d. Decision

After consideration of the parties' arguments and submissions, the Board finds that Opposer has shown requisite good cause to justify an exception to the rule that

---

[44] 19 TTABVUE 7.

[45] The Board notes that Applicant only contests whether the depositions be conducted orally, but does not opine on the issue of the means through which the oral depositions may be taken.

discovery depositions of foreign party witnesses be taken by written questions. Thus, the motion is **granted** but only insofar as the taking of the depositions by oral examination via videoconference complies with the Hague Convention and local laws, an issue on which the parties do not provide information.[46] TBMP § 520.

## III.    Motion to Set Deadline for Opposer's Rebuttal Expert Disclosure

When the Board resets the closing date for discovery, the expert disclosure deadline, which is thirty days prior to the close of discovery period, and the testimony periods, including pretrial disclosure deadlines, will automatically be reset. TBMP § 509.02. Because proceedings in this case were suspended while the discovery period was open, the close of discovery will be reset, and the expert disclosure deadline is automatically reset as noted in the schedule below. In view of the Board resetting the

---

[46] Opposer served notices of depositions of Applicant's Fed. R. Civ. P. 30(b)(6) witnesses, Mr. Cobbledick, and Mr. McLean only after filing this motion (11 TTABVUE 56-73; 17 TTABVUE 40-44), and Opposer does not dispute this; referring to it as an "administrative irregularity" (19 TTABVUE 5 n.3). Opposer did so only after "Applicant had already declared that no foreign witnesses would be produced for oral deposition." 19 TTABVUE 5 n.3.

The Board is cognizant that there is no explicit requirement in the Rules that a notice of deposition be served before a party may move to take the deposition of a foreign witness by oral examination. Thus, to the extent its motion is Opposer's attempt to inform the Board of its intentions and to seek permission to depose Applicant's foreign-party affiliated witnesses by oral examination via videoconference, we note this request, find the notices to be adequate, and grant the motion as to Applicant's Fed. R. Civ. P. 30(b)(6) witnesses, Mr. Cobbledick, and Mr. McLean in addition to the earlier-noticed deposition of Mr. Condon.

However, to the extent Opposer seeks to compel the attendance of Applicant's Fed. R. Civ. P. 30(b)(6) witnesses, Mr. Cobbledick, and Mr. McLean when notices of their depositions were served after the motion was filed, a motion to compel would be premature. *See* Trademark Rule 2.120(f)(1).

deadlines, Opposer shall have **fifteen days** from the date of this order to serve, if any, its rebuttal expert disclosures.[47]

Accordingly, the motion to set a deadline for Opposer to disclose its rebuttal expert is **moot**.[48]

## IV.  Schedule

Proceedings are resumed, and dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | January 31, 2022 |
| Discovery Closes | March 2, 2022 |
| Plaintiff's Pretrial Disclosures Due | April 16, 2022 |
| Plaintiff's 30-day Trial Period Ends | May 31, 2022 |
| Defendant's Pretrial Disclosures Due | June 15, 2022 |
| Defendant's 30-day Trial Period Ends | July 30, 2022 |
| Plaintiff's Rebuttal Disclosures Due | August 14, 2022 |
| Plaintiff's 15-day Rebuttal Period Ends | September 13, 2022 |
| BRIEFS SHALL BE DUE AS FOLLOWS: | |
| Plaintiff's Main Brief Due | November 12, 2022 |
| Defendant's Main Brief Due | December 12, 2022 |
| Plaintiff's Reply Brief Due | December 27, 2022 |

## V.  General Information

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in

---

[47] The Board's allowance of time to serve rebuttal expert disclosures should not be construed as an order compelling disclosures. Rather, the Board, in its discretion, is simply allowing additional time to serve rebuttal expert disclosures and to avoid any ambiguity.

[48] Further, the parties were also advised in the Board's May 12, 2021 suspension order that "[a]ny paper filed during the pendency of [the motion to take deposition orally and by video conference] which is not relevant thereto will be given no consideration." 12 TTABVUE.

Trademark Rules 2.121-2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a), (b), 37 C.F.R. § 2.128(a), (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).