William R. CLEM, Plaintiff,

v.

**ALLIED VAN LINES INTERNATIONAL CORPORATION, Defendant.**

No. 83 Civ. 8158 (SWK).

United States District Court,
S.D. New York.

Sept. 10, 1984.

Lunney & Crocco by Andrew P. Saulitis, New York City, for plaintiff.

Vincent, Berg, Russo, Marcigliano & Zawacki, by Harry A. Gavalas, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before the Court upon plaintiff's motion, pursuant to Fed.R.Civ.P. 30(b)(7), for an order directing that his deposition be taken telephonically. For the reasons stated below, the motion is denied.

## BACKGROUND

Clem is an American citizen stationed abroad in the course of his employment with Merrill Lynch International Incorporated. In August, 1978, Clem contracted with Allied Van Lines International Corporation ("Allied") for the transportation of certain of his household goods and personal effects from his home in Scottsdale, Arizona, to his foreign location of employment, then Tehran, Iran.

Allied received the items and commenced its transportation of them to Tehran. The state of affairs in Iran in late 1978 and early 1979, was, to say the least, turbulent. Clem was transferred from Tehran to Dubai, United Arab Emirates. In or about January, 1979, while Clem's goods were at the Port of Khorramshahr, Iran, Clem requested that the delivery be made to Dubai instead of Tehran. Sometime thereafter, the goods were apparently lost.

Clem commenced this action to recover compensation for his lost goods, valued by him at, at least, $119,600, and to recover the payment made for shipment, $12,383.30.

During the course of discovery, Allied served a Notice of Deposition upon Clem, scheduling his deposition for May 24, 1984, at the offices of Allied's attorneys in New York. Two days before his scheduled appearance, Clem filed the within motion requesting that his deposition be taken telephonically.

## DISCUSSION

Plaintiff's motion is made pursuant to Rule 30(b)(7) [1] of the Federal Rules of Civil Procedure, which provides, in relevant part, that "the court may upon motion order that a deposition be taken by telephone." Plaintiff, however, relies on the general discovery provisions contained in Rule 26.

Rule 26 provides, in relevant part, as follows:

[ (b)(1) ] [t]he frequency or extent of use of the discovery methods ... shall be limited by the court if it determines that ... the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

\* \* \* \* \* \*

[ (c) ] the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery.

In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances. *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons,* 54 F.R.D. 280 (S.D.N.Y.1971); *Instituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Prods. Inc.,* 47 F.R.D. 530, 533 (S.D.N.Y.1969); *Seuthe*

---

1. The Court is not at all certain that this motion is properly brought pursuant to Rule 30(b)(7) rather than Rule 26(c). The deposition was properly noticed prior to the filing of the motion; therefore, plaintiff is essentially seeking a protective order.

v. *Renwal Prods., Inc.*, 38 F.R.D. 323 (S.D. N.Y.1965); *Haviland & Co. v. Montgomery Ward & Co.*, 31 F.R.D. 578 (S.D.N.Y. 1962); *Slade v. Transatlantic Fin. Corp.*, 21 F.R.D. 146 (S.D.N.Y.1957); *V.O. Machinoimport v. Clark Equip. Co.*, 11 F.R.D. 55, 58 (S.D.N.Y.1951).

██ Plaintiff fails to cite a single case under Rule 30(b)(7) wherein the plaintiff was permitted to have his deposition taken telephonically.[2] This Court has not found any cases delineating the standards to be applied to a motion, pursuant to Rule 30(b)(7), seeking such relief. This Court expressly holds, however, that the policy discussed above is equally applicable to motions brought pursuant to Rule 30(b)(7): absent extreme hardship, the plaintiff should appear for deposition in his chosen forum. A telephonic deposition of Clem while he is abroad would be deemed to have been taken at the foreign situs, not within this forum. *See* Fed.R.Civ.P. 30(b)(7). Thus, Clem must demonstrate that taking his deposition here would impose an extreme hardship on him in order to be entitled to the relief sought.

Plaintiff claims that the cost of transportation to New York to attend a deposition here would be prohibitive. Affidavit of Andrew P. Saulitis, Esq., dated May 18, 1984, ¶ 4 ("Saulitis Aff.").[3] Plaintiff further argues that he "is not a wealthy man" and that "this is not a 'big case'." Saulitis Aff. ¶ 5.

The Court is not persuaded that deposing Clem in New York will impose an extreme hardship upon him. Clem has not sufficiently detailed his financial position so that this Court might assess the prohibitiveness of the deposition. The cost of transportation (approximately $3,000) would not, however, appear to be extreme, especially in light of the substantial claims involved here (in excess of $130,000, plus interest, plus attorneys' fees). Moreover, several issues in this case involve facts that are not in writing and will depend for their resolution upon the testimony of Clem, *e.g.*, Clem's reliance on oral statements made by employees of Allied. In such a situation, the defendant is entitled to depose the plaintiff face-to-face in order to adequately prepare for trial. *See, Slade*, 21 F.R.D. at 147. Finally, Clem does anticipate being in the United States in December of this year. His deposition should be taken in New York at that time to minimize the hardship on him and still adequately accord defendant its right to a face-to-face deposition in the forum of Clem's choosing.[4]

Accordingly, Plaintiff's motion is DENIED, and he will be required to submit to examination in this forum at a time and place to be agreed by counsel consistent with this decision, *i.e.*, during his stay in the United States.

SO ORDERED.

---

**2.** Indeed, plaintiff has failed to cite a single case.

**3.** During the period that this motion was *sub judice*, Clem was relocated from Dubai to Hong Kong. Plaintiff claims, without presenting the figures, that the cost of coming to New York would be even greater from Hong Kong.

**4.** The Court is hopeful that the trial in this action, if indeed one remains necessary, can also go forward during Clem's stay in the United States this December.