BUZZEO, et al., Plaintiffs,

v.

**BOARD OF EDUCATION,
HEMPSTEAD, et al.,**
Defendants.

No. 97–CV–2466(JM).

United States District Court,
E.D. New York.

March 17, 1998.

Lewis M. Wasserman, Wasserman & Stein, Patchogue, NY, for Plaintiff.

Kevin G. McMorrow, Ahmuty, Demers & McManus, Albertson, NY, for Defendant.

### ORDER

BOYLE, United States Magistrate Judge.

Before the court is defendants' motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This motion raises the issue of the applicability of the presumption—that a corporation be deposed at its corporate headquarters—where the corporate defendant and the plaintiff reside within the forum. For the reasons stated below, the court finds that the presumption is not applicable. The corporate defendant is, however, nonetheless entitled to the relief sought based on traditional notions of cost, convenience and efficiency.

### BACKGROUND

On September 23, 1997, plaintiff's counsel served eleven deposition notices on the defendant's counsel, specifying the location of the depositions at the offices of plaintiff's attorneys in Patchogue, New York. *See Aff. of Pamela L. Steen,* dated Feb. 19, 1998.

By motion dated February 6, 1998, the defendant moved for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, directing that the depositions of Hempstead Union Free School District employees and board member defendants be held at the premises of the Hempstead Union Free School District, located in Hempstead, New York rather than in Patchogue, New York, the location designated by the plaintiff.

Defendants argue that the depositions of a corporation's agents should generally be held at the corporation's principal place of business. Because the school district is a municipal corporation under New York law, defendants claim that the depositions of Hempstead Union Free School District employees and board member defendants should occur at the school district's headquarters, located in Hempstead. Defendants further claim that it would impose an "undue burden" on them if the depositions occurred in Patchogue, and that the depositions should be held in Hempstead in order to "promote convenience, efficiency, and ... the well-running of the school district throughout the deposition process." *See Aff. of Kevin G. Morrow, Esq. in Supp. Mot. for Protective Order,* at ¶ 10, dated February 6, 1998. The defendants additionally assert that the depositions will not be lengthy. *See Reply Aff. of Kevin McMorrow,* at ¶ 10, dated Feb. 19, 1998. This is corroborated by

the deposition notices which reflect that three depositions are scheduled per day, with the exception of two depositions that are scheduled for separate dates.

In response, plaintiff argues that the defendants have not shown "good cause," as required by Rule 26(c) of the Federal Rules of Civil Procedure to warrant the issuance of a protective order. Plaintiff also claims that corporate defendants are often deposed in places other than the corporation's principal place of business.

## DISCUSSION

Under Rule 26(c) of the Federal Rules of Civil Procedure:

[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make an order which justice requires to protect a party or person from ... undue burden or expense, including ... (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed.R.Civ.P. 26(c).

As a general rule, "the party noticing the deposition usually has the right to choose the location." *See* 7 Moore's Federal Practice, § 30.20[1][b][ii]; Fed.R.Civ.P. 30(b)(1). The deposition of a non-resident defendant, however, is generally conducted at the defendant's place of residence. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997). Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business. *See Snow Becker Krauss P.C. v. Proyectos e Instalaciones de Desalacion, S.A.*, 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D.Mich.1987). In addition, "the plaintiff is generally required to 'bear any reasonable burdens of inconvenience that the

action presents.'" *Gulf Union Ins. Co. v. M/V Lacerta*, 1992 WL 51532, at * 5 (S.D.N.Y. March 9, 1992) (quoting *Federal Deposit Insurance Co. v. La Antillana, S.A.*, 1990 WL 155727, at * 1–2 (S.D.N.Y. Oct. 5, 1990).)

Conversely, "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all the parties and in the general interests of judicial economy." *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. March 19, 1985). The place to conduct the deposition of a corporate defendant and its agents depends upon an analysis of three factors: cost, convenience, and litigation efficiency. *See Gulf Union Ins. Co.*, 1992 WL 51532, at * 5; *Zurich Insur. Co. v. Essex Crane Rental Corp.*, 1991 WL 12133, at * 2–3 (S.D.N.Y. Jan. 21, 1991); *Mill–Run Tours v. Khashoggi*, 124 F.R.D. 547, 550–51 (S.D.N.Y.1989). Furthermore, "[b]ecause courts retain substantial discretion to designate the site of a deposition, the presumption appears to be merely a decisional rule that facilitates determination when other relevant factors do not favor one side over the other." *Mill–Run Tours*, 124 F.R.D. at 550; *see also Zurich Insur. Co.*, 1991 WL 12133, at *2 ("the presumption is not a strong one and operates primarily when other factors do not favor any particular site for depositions").

The general presumption stated above loses its significance, where, as here, all parties reside within the same forum district. The cases which apply the presumption invariably involve disputes where the defendant resides outside the forum. *See, e.g., Snow Becker Krauss*, 1992 WL 395598, at * 3 (ordering depositions to be conducted at defendants' principal place of business in Spain, rather than at plaintiff's offices in New York); *Gulf Union Ins. Co.*, 1992 WL 51532, at * 5 (ordering depositions to be conducted at defendant's principal place of business in Malta); *Brown v. Van Nostrand Reinhold*, 1990 WL 129183, at * 2 (S.D.N.Y. Aug. 30, 1990) (ordering depositions to be conducted at defendant's principal place of

business in New York City, rather than at the offices of plaintiff's attorneys in Melville, New York); *Citizens Capital Corporation v. RMI Refinery,* 1987 WL 7939, at *1 (S.D.N.Y. March 13, 1987) (ordering depositions to be conducted at defendant's principal place of business in Rhode Island, rather than at the office of the plaintiff's attorney in New York). The court finds that the general "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure—as shown through an analysis of cost, convenience and litigation efficiency—is the appropriate standard under which to evaluate the motion herein.

In evaluating the three factors, the court finds that the defendant has demonstrated "good cause." First, the plaintiff has not set forth any arguments that he would incur significantly greater expenses if the depositions were held in Hempstead. Conversely, the witnesses to be deposed all appear to reside in the Hempstead area, and would have to travel, at taxpayer expense, to the office of the plaintiff's attorney, approximately forty (40) miles from Hempstead. Accordingly, this factor weighs in favor of conducting the depositions at the location in Hempstead requested by the movants.

The court further finds that the defendants' claim that taking the depositions at the school district "promotes the well-running of the school" is persuasive. The fact that a substantial number of school district employees would need to leave their place of business to travel to the office of the plaintiff's attorney would be disruptive to the regular operation of the school district. On the other hand, only plaintiff's counsel would need to travel to the school district. *See Mill–Run Tours,* 124 F.R.D. at 551 (explaining that the convenience of counsel is less important than the hardship imposed on the parties). The factor of convenience, therefore, also weighs in favor of conducting the deposition at the defendant school district.

Finally, efficiency of the litigation also favors the Hempstead location. The records at the school district are "quite voluminous." *See Reply Aff. of Kevin McMorrow,* dated February 19, 1998. It is far more efficient to

conduct the deposition at the school district, where such records are readily available.

Accordingly, the factors of cost, convenience, and litigation efficiency tip the scales in favor of conducting the deposition at the defendant corporation.

### CONCLUSION

Defendants motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure is granted. The depositions of the eleven school district employees and/or individual defendants shall be held at the Hempstead Union Free School District at the time noticed by the plaintiff, or as otherwise agreed among the parties.

SO ORDERED.