UNITED STATES of America, Plaintiff,

v.

ROCK SPRINGS VISTA
DEVELOPMENT, et
al., Defendants.

No. CV–S–97–1825–JBR(RLH).

United States District Court,
D. Nevada.

April 19, 1999.

Richard Armknecht, III, Las Vegas, NV, for intervenors.

Mark E. Ferrario, Glenn F. Meier, Las Vegas, Nevada, for defendants.

### ORDER

HUNT, United States Magistrate Judge.

Before the Court is Intervenors Mortenson's and Sheffer's **Motion for Order that Depositions be Taken by Telephone** (# 54, filed March 8, 1999). Defendants' Opposition ... (# 59) was filed March 24, 1999. There is no record of a reply.

The United States of America filed the original complaint herein to enforce the Fair Housing Act and to seek damages for aggrieved persons. Intervenors, who resided in southern Nevada during the relevant times (1995), but have since moved out of state, intervened, seeking declaratory and injunctive relief, as well as substantial actual and punitive damages, allegedly caused by the actions of the Defendants.

Defendants seek to take the depositions of the Intervenors. Mortenson and Sheffer seek an order requiring the depositions to be taken by telephone.

The Intervenors invoke Fed.R.Civ.P. 30(b)(7), which authorizes depositions to be taken by telephone. They contend that the fact that Mortenson, who has moved to South Dakota, and Sheffer, who has moved to Michigan, are wheelchair-users and live some distance from Nevada, would be relieved of undue hardship if their depositions were to be taken by telephone. There are no affidavits nor documentation of the nature of the "undue hardship." There is only the bare assertion by counsel that they use wheel chairs and live out-of-state.

Because, in effect, they are plaintiffs seeking significant monetary and other relief, Defendants wish to personally observe the Intervenors during their depositions, and note there is no showing that they would suffer anything more than the inconvenience normally attendant to the requirement that a plaintiff submit to his or her deposition in the jurisdiction where he or she has filed suit.

Each side of this issue relies on a case which supports its view and which has found adherents and detractors among various members of the bench.

Intervenors Mortenson and Sheffer cite *Jahr v. IU Intern. Corp.*, 109 F.R.D. 429 (M.D.N.C.1986), which held that an impecunious plaintiff could take the deposition of a nonparty witness by telephone. The magistrate judge in *Jahr* found that Fed.R.Civ.P. 30(b)(7) encouraged the use of experimenta-

tion in taking depositions, that leave should be liberally granted to take depositions telephonically, and that the purpose was to reduce the cost of litigation and provide alternatives to traditional stenographic depositions. *Id.* at 431. *Jahr* also places the burden on the party opposing the telephonic deposition, to come forward with a particularized showing of prejudice. *Id.* at 432. The Court in *Jahr* rejected the desire for face-to-face questioning as sufficient grounds for refusing a telephonic deposition. *Id.*

In rejecting this view in the instant case, this Court notes that *Jahr* dealt with a nonparty witness, not a plaintiff who was seeking monetary and other benefits from the litigation. The cases cited in support of the *Jahr* decision also deal with nonparty witnesses, not parties. Also, here there is no showing of an unreasonable financial burden. The plaintiff there was seeking relief from the cost of having to go to the witness, by taking the deposition by telephone. The decision did not preclude the defendant's counsel from being personally present with the witness when the deposition was conducted.

The issue of taking the deposition of a witness is different from the issue of taking the deposition of a plaintiff. A witness is not responsible for and has not made the election to be involved in the litigation. Therefore, there are limits to the imposition that the judicial system should impose on such a person. The plaintiff, on the other hand, has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant. A plaintiff, therefore, cannot invoke the mere fact inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim.

Defendants rely on *Clem v. Allied Van Lines International Corp.* 102 F.R.D. 938 (S.D.N.Y.1984), which was criticized and rejected in the *Jahr* decision. This Court finds the *Clem* decision more on point than the *Jahr* decision, and better reasoned. *Clem* held that, absent extreme hardship, a nonres-

ident plaintiff should appear for his deposition in the chosen forum. *Id.* at 939–940. As the district judge in *Clem* noted in that case, and which is true in this case, the plaintiff (Intervenors here) fails to cite a single case under Rule 30(b)(7) wherein the plaintiff was permitted to have his deposition taken telephonically.

Even the *Jahr* decision noted that the *Clem* decision addressed "the court's policy with respect to having plaintiffs deposed within the forum," not the issue it was addressing, which was "a general rule covering Rule 30(b)(7) depositions." *Jahr*, 109 F.R.D. at 431.

"Telephone depositions are not recommended for obtaining controversial testimony. You cannot observe the impact of your questions or the witness' nonverbal responses. Moreover, you will be unable to ascertain if anyone is listening in or 'coaching' the witness." William W Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11.443 (1997).

> As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition. But his is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2112 (1994).

The burden in on the Plaintiffs or Intervenors to show good cause for varying from the normal rule. Other than the conclusory statement by counsel "that taking their depositions by telephone will relieve them of an undue hardship," there is no showing of "extreme hardship." The Court notes that it was the Intervenors who once lived here but have since moved. No information is given about when that took place, but the Defendants should not have to forego their rights

to take the depositions face-to-face because Mortensen and Sheffer elected to move.

Accordingly, for good cause appearing,

**IT IS HEREBY ORDERED** that Intervenors Mortenson's and Sheffer's Motion for Order that Depositions be Taken by Telephone (# 54) is DENIED.