ESTATE OF Vasilijs GERASIMENKO
and Larisa Gerasimenko,
Plaintiffs,

v.

CAPE WIND TRADING COMPANY,
et al., Defendants.

No. 09 Civ. 8067 (BSJ)(JLC).

United States District Court,
S.D. New York.

March 17, 2011.

George Michael Chalos, Kerri Marie D'Ambrosio, Chalos & Co., P.C., Oyster Bay, NY, for Plaintiffs.

Patrick F. Lennon, Lennon, Murphy, Caulfield & Phillips, LLC, New York, NY, for Defendants.

### MEMORANDUM AND ORDER

JAMES L. COTT, United States Magistrate Judge.

The Estate of Vasilijs Gerasimenko and Larisa Gerasimenko (together "Plaintiffs") move pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure for an Order providing that the depositions of Ms. Gerasimenko, a Latvian resident, and certain designated witnesses of Defendants Cape Wind Trading Co. ("Cape Wind"), LSC Shipmanagement Ltd. ("LSC"), and Latvian Shipping Co. ("Latvian Shipping"), all of whom reside in Latvia, be taken by telephone or other remote means. For the reasons set forth below, Plaintiffs' motion is granted.

### I. BACKGROUND

This admiralty action for wrongful death arises out of the death of Vasilijs Gerasimenko on August 27, 2008 aboard the M/T INDRA, a vessel owned by Defendants Cape Wind and Latvian Shipping and managed by Defendant LSC. Complaint dated Sept. 21, 2009 ("Compl.") ¶¶ 8–20 (Dkt. No. 1). Ms. Gerasimenko, the decedent's wife, seeks to recover sums allegedly due to her as the nominated beneficiary under her husband's employment contract, along with future wages that would have been due to him, loss of benefits, pain and suffering, and loss of companionship. Compl. ¶¶ 22–28.

Ms. Gerasimenko was unemployed at the time of her husband's death, and her husband was her sole financial provider. Declaration of Larisa Gerasimenko dated March 8, 2011 ("Gerasimenko Decl.") ¶ 4. Ms. Gerasimenko, who alleges that her health has deteriorated since her husband's death, remains unemployed today and has been "unable to find a job because of the ongoing economic crisis in Latvia." Id. ¶ 5. Because of Ms. Gerasimenko's lack of financial resources, on January 1, 2010, Riga Social Services determined her to have "family (person) in need status" from that date until March 31, 2010. Id. ¶ 6 & Ex. 2. This status apparently entitles Ms, Gerasimenko to certain welfare benefits. Id. Ex. 2. Although Ms. Gerasimenko recently received a death benefit settlement of $89,100 from Defendants, Declaration of Roman Rozhkov dated March 11, 2011 ("Rozhkov Decl.") ¶ 5, she apparently continues to hold this status today. Gerasimenko Decl. ¶ 8 & Ex. 3.

On or about December 9, 2010, Plaintiffs noticed the depositions of Defendants' designated officers, directors, or managing agents pursuant to Fed.R.Civ.P. 30(b)(6) to take place in New York. Plaintiffs' Letter to the Hon. James L. Cott dated March 9, 2011 ("Pls.' Letter") at 2. Shortly thereafter, Defendants noticed the deposition of Ms. Gerasimenko to take place in New York. Id. The parties have failed to come to an agreement on how these depositions should proceed. By Order dated December 30, 2010, nonexpert discovery is to be completed by March 31, 2011. (Dkt. No. 19).

Although Ms. Gerasimenko states that she will be able to afford to travel to the United States when and if this action proceeds to trial, she states further that does not have the financial resources to travel to the United States for her deposition or to finance her attorneys' travel to Latvia for her deposition or the deposition of Defendants' witnesses. Gerasimenko Decl. ¶¶ 11–12.

### II. REQUEST FOR REMOTE DEPOSITIONS

Plaintiffs contend, among other things, that remote depositions are necessary because Ms. Gerasimenko is indigent and will suffer financial hardship if her deposition and those of Defendants' witnesses proceed in person in Latvia. Pls.' Letter at 2–3. Defendants take issue with the characterization of Ms. Gerasimenko as indigent and maintain that Ms. Gerasimenko has failed to make a sufficient showing of indigence or that she will suffer hardship if Defendants depose her in New York. Defendant's Letter to the Hon. James L. Cott received March 14, 2011 ("Defs.' Letter") at 1. Defendants contend,

among other things, that Ms. Gerasimenko can finance her travel to New York using a portion of the $89,100.00 that Defendants recently provided to her as a death benefit settlement. *Id.* at 4. Defendants also argue that a telephonic deposition of Ms. Gerasimenko will prejudice them because it will not allow them to observe her nonverbal responses and demeanor or to use and examine documents effectively.[1]

## A. Legal Standard

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means,"[2] Rule 30(b)(4) does not specify the standard for evaluating motions to have a deposition conducted telephonically or remotely, and courts in this Circuit generally apply different standards depending on whether the party seeking the deposition or the deponent— as an alternative to traveling to the district in which the action was filed—requests that the deposition occur remotely. *See Memory Film Prods. v. Makara,* No. 05 Civ. 3735(BMC)(KAM), 2007 WL 1385740, at *2 (E.D.N.Y. May 9, 2007) (discussing this distinction) (citations omitted); *Moore's Federal Practice* § 30.24[1] at 30–60 (same). Plaintiffs' motion implicates both circumstances.

## B. Deposition of Ms. Gerasimenko—Request by Deponent

Defendants correctly note that, as a general rule, a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there. *See, e.g., Schindler Elevator Corp. v. Otis Elevator Co.,* No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007) (collecting cases); *Dubai Islamic Bank v. Citibank, N.A.,* No. 99 Civ.1930(RMB)(TH), 2002 WL 1159699, at *12 (S.D.N.Y. May 21, 2002) (collecting cases).

There is, however, "no absolute rule as to the location of the deposition of a nonresident plaintiff" as "courts must strive to achieve a balance between claims of prejudice and those of hardship." *Normande v. Grippo,* No. 01 Civ. 7441(JSR)(THK), 2002 WL 59427, at *1–2 (S.D.N.Y. Jan. 16, 2002) (citations omitted). Ultimately, the determination of " '[t]he matter rests in the discretion of the court and there must be a careful weighing of the relevant facts.' " *Abdullah v. Sheridan Square Press, Inc.,* 154 F.R.D. 591, 592 (S.D.N.Y.1994) (quoting *Seuthe v. Renwal Prods., Inc.,* 38 F.R.D. 323, 324 (S.D.N.Y.1965)).

Accordingly, decisions in this District sometimes order that depositions of plaintiffs be held elsewhere or by telephone where the plaintiff is physically or financially unable to come to the forum. *See, e.g., Zito v. Leasecomm Corp.,* 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (allowing certain plaintiffs' depositions to proceed by telephone where monetary value of claims were low and travel to distant cities would be a hardship for them but allowing defendants to conduct examinations by video-conference provided that that they bear the expense and make arrangements for plaintiffs to appear within 50 miles of plaintiffs' residences); *Normande,* 2002 WL 59427, at *1–2 (application to take deposition by telephone granted where plaintiff resided in Brazil, would have to travel with small infant, and case was not complex); *Abdullah,* 154 F.R.D. at 592–94 (where indigent plaintiff lived in London and would face prejudice with respect to an asylum application in the United Kingdom if he left the country, defendants were required to travel to London to take plaintiff's deposition; parties were to bear their own costs for the travel to London but if defendants prevailed at trial, plaintiff was to bear costs and travel expenses of one of defendants' attorneys).

### 1. Hardship to Ms. Gerasimenko

Defendants rely on *Clem v. Allied Lines International Corp.,* 102 F.R.D. 938 (S.D.N.Y.1984), and *Daly v. Delta Airlines,*

---

1. Defendants do not respond to Plaintiffs' request to depose Defendants' 30(b)(6) witnesses by telephone in their submission.

2. This provision formerly appeared in Fed. R.Civ.P. 30(b)(7). *See, e.g.,* 7A James W. Moore, *et al., Moore's Federal Practice* ¶ 30.24[1] at 30–58 (3d ed. 2008).

*Inc.,* No. 90 Civ. 5700(MEL), 1991 WL 33392 (S.D.N.Y. Mar. 1, 1991), in support of their contentions that Ms. Gerasimenko must demonstrate "extreme hardship" to warrant relief from the general rule and that she has failed to meet that burden here. Defs.' Letter at 3. The facts of each of these cases, however, are distinguishable from those presented here.

In *Clem,* the court denied plaintiff, an employee of Merrill Lynch stationed in Hong Kong, permission to have his deposition taken by telephone, holding that "absent extreme hardship, the plaintiff should appear for deposition in his chosen forum." *Clem,* 102 F.R.D. at 940. The plaintiff argued that he could not afford to travel to New York and provided the court with an affidavit that stated that he was "not a wealthy man" and that "this is not a 'big case.' " *Id.* The court found this argument unavailing, reasoning that the plaintiff had not sufficiently detailed his financial position to allow the court to assess whether the plaintiff's travel to New York was indeed cost prohibitive. *Id.* The court also reasoned that, because the plaintiff's testimony would resolve several issues in the case, "the defendant [was] entitled to depose the plaintiff face-to-face in order to adequately prepare for trial." *Id.* Although the court did order the deposition of plaintiff to proceed in person, in order to minimize the burden on him, it also provided that the deposition take place during a time period, shortly before trial, when he planned to be in the United States. *Id.*

Similarly, in *Daly,* the court denied the request of plaintiff, an anesthesiologist practicing in Ireland, for a protective order that his depositions take place either on written questions or by telephone. *Daly,* 1991 WL 33392, at *1. The plaintiff there did not argue that he would suffer hardship by traveling to New York for a deposition; instead, he merely stated that "his absence would be an inconvenience to his colleagues and to the sur-

gical patients in need of his services." *Id.* at *2. Rejecting this contention, the court noted that it "hardly constitutes a showing of inordinate hardship, economic or otherwise" and reasoned that the cost of a flight from Dublin to New York was not "unlikely to be unduly expensive for one in plaintiff's profession and medical specialty,...." *Id.* Moreover, the court noted that it appeared that the plaintiff would likely be required as part of pre-trial discovery to travel to New York for a physical examination anyway. *Id.* Thus, in order to minimize the inconvenience on, and expense to, plaintiff, the court ordered his deposition and physical examination to take place on the same day. *Id.*

Here, unlike the plaintiffs in *Clem* and *Daly,* Ms. Gerasimenko is not a well-compensated physician or an employee at an international investment bank; she has been unemployed since her husband's death in August 2008 and remains unemployed today. Gerasimenko Deck ¶¶ 4–5. Moreover, unlike the plaintiffs in those cases, she has provided the Court with a sworn declaration and exhibits that adequately establishes her tenuous financial position and the burden that travel to New York for the deposition would impose on her: Riga Social Services has designated her as a low income person in need since January 2010. *Id.* ¶¶ 6–8 & Exs. 1–3.[3] A person is able to attain this status "if the income per each family member during the last three months does not exceed 90 LVL (about 180 USD)...." Rozhkov Decl. ¶ 6, While it may be true, as Defendants contend, that the $89,100.00 Defendants recently provided to Ms. Gerasimenko to settle her claim for contractual death benefits may no longer render her a person in need under the applicable Latvian regulations, it can hardly be said with certainty that Ms. Gerasimenko's financial situation, even when that sum is taken into account, is a stable one. Indeed, a round trip flight to New York and the cost of

---

**3.** The same cannot be said of Ms. Gerasimenko's assertion that her "health has deteriorated following [her] husband's death,...." Gerasimenko Decl. ¶ 5. While understandably she has suffered as a result of her husband's death, Ms. Gerasimenko has not provided the Court with any information regarding her health, and accordingly this assertion provides insufficient support for

Ms. Gerasimenko's position that her deposition should occur remotely. *See, e.g., Price v. Priority Transp.,* No. 07 Civ. 6627(CJS), 2008 WL 4515093, at *1 (W.D.N.Y. Oct. 1, 2008) (plaintiff's request that her deposition be conducted in Georgia denied where plaintiff made conclusory statement the lawsuit was negatively affecting her health).

lodging for even a short period of time could cost Ms. Gerasimenko several thousand dollars, not an insignificant portion of the death benefit funds. I conclude that having to expend these funds to travel to New York to be deposed constitutes a hardship for Ms. Gerasimenko. I now weigh this hardship against the prejudice that ordering a remote deposition would have on Defendants.

### 2. Prejudice to Defendants

■ Defendants contend that they "will be greatly prejudiced by a telephonic deposition" because such a deposition will force them either to travel to Latvia at their expense to take the deposition in person, or "sacrifice counsel's ability to observe and interact with the deponent, to the detriment of their case." Defs.' Letter at 3. These are valid concerns. Telephone depositions create issues that in-person depositions do not, and yet "telephone depositions are a 'presumptively valid means of discovery.'" *Robert Smalls Inc. v. Hamilton*, No. 09 Civ. 7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (quoting *Zito*, 233 F.R.D. at 398). Moreover, although some courts have concluded that the inability to observe a person's demeanor may justify a denial of a Rule 30(b)(4) motion, *see, e.g., Sampathachar v. Fed. Kemper Life Assurance Co.*, No. Civ. A. 03–5905, 2004 WL 2743589, at *2 (E.D.Pa. Nov. 24, 2004) (denying Rule 30(b)(4) motion of plaintiff, a resident of India, for remote deposition because the case was "likely to turn on the testimony by and credibility of" plaintiff); *Anguile v. Gerhart*, Civ. A. No. 93–934(HLS), 1993 WL 414665, at *3 (D.N.J. Oct. 7, 1993) (granting motion of plaintiff, a key witness, for initial telephonic deposition, provided that second deposition would be in person), these concerns are not at issue in every case. *See, e.g., Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446–47 (W.D.Mich.1993) (because deponent officers of corporate plaintiff not suspected to be untrustworthy, telephonic deposition would not prejudice defendant).

Here, Defendants do not contend that the case will turn on Ms. Gerasimenko's testimony and do not identify the specific prejudice they will face if they are not allowed to observe her during the deposition. Although Defendants do not mention the subject matter of the testimony they hope to elicit from Ms. Gerasimenko in their submission to the Court, during the Court's telephonic conference with the parties on March 4, 2011, Defendants stated that Ms. Gerasimenko's testimony would largely relate to damages. While this is obviously an important issue, it is not one upon which the case will turn in the first instance.

Defendants also contend that a telephonic deposition, coupled with the use of a translator, will hinder their ability to question Ms. Gerasimenko regarding a "host of document [sic] to be identified," Defs.' Letter at 4. Defendants do not contend, however, that the documents are voluminous and central to the deposition of Gerasimenko, a contention that might provide a basis for precluding a remote deposition. *Cf. Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 Civ. 1890(SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994) (application by plaintiff to depose witness telephonically granted where defendant argued prejudice on ground that defendant may wish to show the witness some documents in cross-examining him) (citing *Mercado v. Transoceanic Cable Ship Co.*, Civ. A. No. 88–5335, 1989 WL 83596, at *1 (E.D.Pa. 1989)).

■ Balancing the hardship on Ms. Gerasimenko against the prejudice to Defendants, I conclude that Defendants' deposition of Ms. Gerasimenko should proceed by telephone in the first instance.[4] In order to address Defendants' concerns regarding their use of documents during Ms. Gerasimenko's deposition, Defendants are encouraged to produce to Plaintiffs' counsel all documents that they intend to use prior to the deposition to ensure timely translation.

The Court will entertain an application from Defendants to require Ms. Gerasimenko

---

4. To the extent Defendants consider it essential to view Ms. Gerasimenko's demeanor during the deposition and do not wish to incur the expense of travelling to Latvia, Defendants may make arrangements to conduct the examination by video-conference or other remote means rather than by telephone provided that they bear the expense. *See Zito*, 233 F.R.D. at 398 (same result).

to appear in New York for a follow-up deposition, but only if Defendants can demonstrate that they were for some reason unable to conduct a meaningful deposition by telephone (or video-conference). *See Robert Smalls, Inc.,* 2010 WL 2541177, at *4 (citations omitted).[5]

The Court now turns to Plaintiffs' request to depose Defendants' designated 30(b)(6) witnesses by telephone.

### C. Depositions of Defendants' 30(b)(6) Witnesses—Request by Party Seeking Deposition

■ Rule 30(b)(6) of the Federal Rules of Civil Procedure provides, in relevant part, that when a corporation receives a notice for a deposition, it "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." "The usual rule ... in federal litigation, is that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *In re Fosamax Prods. Liab. Litig.,* No. 1:06–MD–1789 (JFK)(JCF), 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009) (citations, internal quotations, and alterations omitted). This rule applies with equal force to 30(b)(6) witnesses. *See Silva Run Worldwide Ltd. v. Gaming Lottery Corp.,* No. 96 Civ. 3231(RPP), 2003 WL 23009989, at *1 (S.D.N.Y. Dec. 23, 2003) ("There is a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business.") (citing *Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). Its rationale is that "plaintiff usually may choose the forum for a lawsuit, but a defendant may not." *Robert Smalls Inc.,* 2010 WL 2541177, at *1 (citing *Dagen v. CFC Grp. Holdings Ltd.,* No. 00 Civ. 54682(CBM), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003)).

■ However, any presumption is "merely a decision rule that facilitates determination" when other relevant factors—for example, cost, convenience, and litigation efficiency—

do not favor one side over the other. *Robert Smalls Inc.,* 2010 WL 2541177, at *1 (citing *Mill–Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 550 (S.D.N.Y.1989)); *see also In re Fosamax,* 2009 WL 539858, at *1; *Dagen,* 2003 WL 21910861, at *3 (quoting *In re Livent, Inc. Sec. Litig.,* No. 98 Civ. 5686(VM), 2002 WL 31366416, at *1 (S.D.N.Y. Oct. 21, 2002)). Indeed, one commentator notes that this presumption is more honored in the breach than the observance. 2 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 17.12 at 17–39 (2d ed. 2000) (citing cases). In any event, the presumption need not come into play here.

■ Where, as here, a party seeking the deposition wishes to take the deposition by telephone pursuant to Fed.R.Civ.P. 30(b)(4), courts in this Circuit have noted "that permission to take a deposition by telephone 'should be granted unless an objecting party will likely be prejudiced or the method employed would not reasonably ensure accuracy and trustworthiness.'" *Memory Film Prods.,* 2007 WL 1385740, at *2 (denying request by deponents to take deposition by phone where defendant wished to take deponents' depositions in Serbia where they resided and was willing to bear the cost of travel there) (quoting *Fireman's Fund Ins. Co.,* 1994 WL 583173, at *1); *see also Advani Enters., Inc. v. Underwriters at Lloyds,* 95 Civ. 4864(CSH), 2000 WL 1568255, at *3 (S.D.N.Y. Oct. 19, 2000) (telephone depositions of two "crucial" non-party witnesses residing in Egypt permitted where defendants failed to demonstrate prejudice). Moreover, authorization of such a deposition under these circumstances does not require an applicant to show hardship. *See Advani,* 2000 WL 1568255, at *2 (citation omitted); *Fireman's Fund,* 1994 WL 583173, at *1.

Defendants do not address Plaintiffs' motion to depose Defendants' designated witnesses by telephone in their submission to the Court. Therefore, there is nothing before the Court that suggests that this method

---

5. Such an application would require Defendants to produce a copy of the deposition transcript, and identify with specificity (by page and line

references, as appropriate), the purported inadequacies of the deposition.

of deposition will prejudice them or not reasonably ensure accuracy and trustworthiness. Accordingly, Plaintiffs' motion to depose Defendants' designated 30(b)(6) witnesses by telephone is granted. *See, e.g., Advani,* 2000 WL 1568255, at \*2–3; *Fireman's Fund,* 1994 WL 583173, at \*1.

### III. CONCLUSION

For the foregoing reasons, Defendants' deposition of Ms. Gerasimenko and Plaintiffs' deposition of Defendants' designated 30(b)(6) witnesses shall proceed by telephone or other remote means. All such depositions shall comport with Rule 28(b) of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to docket Plaintiffs' letter to the Court dated March 9, 2011 (and the accompanying Declaration of Larisa Gerasimenko) and Defendants' letter to the Court received March 14, 2011 (and the accompanying Declaration of Roman Rozhkov).

**SO ORDERED.**